Hillsborough,  
  Dec., 1899.

## HART v. FOLSOM.

Under section 13, chapter 63, Laws 1897, only those physicians and surgeons who were in practice in this state at the date of the passage of the act are entitled to registration and license without examination.

A failure to comply with a rule established by the regent of the state boards of medical examiners is not conclusive evidence that a physician is not entitled to registration and license by reason of prior practice in this state.

The constitutionality of a statute cannot be questioned by one who seeks to avail himself of its provisions.

The determination of the question whether an applicant is entitled to registration and license as a physician being a judicial act, *mandamus* will not lie to compel particular action by the regent of the state boards of medical examiners.

PETITION, for *mandamus* to compel registration and the issuance of a certificate entitling the plaintiff to practice medicine in this state. The facts were agreed upon and are stated in the opinion.

*William J. McKay*, for the plaintiff.

*Edwin G. Eastman*, attorney-general, for the defendant. So far as we can discover, the act (Laws 1897, *c.* 63) is a simple and reasonable exercise of the police power. It endeavors to protect the public from irresponsible and ignorant quacks, prescribing the methods of licensing, defining the qualifications of successful candidates, and creating an officer to run the necessary machinery; it further provides for penalties for infractions. That it is within the police power of the state to restrict the practice of medicine to those persons who have been found to be qualified, is no longer open to argument in New Hampshire. It is *stare decisis*. *Pierce* v. *State*, 13 N. H. 536; *State* v. *Freeman*, 38 N. H. 426; *Gage* v. *Censors*, 63 N. H. 92; *State* v. *Marshall*, 64 N. H. 549; *State* v. *Forcier*, 65 N. H. 42. Statutes similar to the one under consideration, denying to all physicians in the state lawfully engaged in practice the right to continue such practice until they conform to the requirements of the statute, and restricting the practice of medicine to persons who are to demonstrate their qualifications, have been held constitutional, as a proper exercise of the police power of the state, in nearly every state of the Union and in the supreme court of the United States. *Hewitt* v. *Charier*, 16 Pick. 353; *Ex parte Frazier*, 54 Cal. 94; *Eastman* v. *State*, 109 Ind. 278; *Dent* v. *West Virginia*, 129 U. S. 114.

The plaintiff's contention that the law violates the federal and the state constitutions, in that it discriminates against persons who are engaged in the same business and deprives them of their property without due process of law, is not sustained by the reported cases. It is true that the statute requires a certain fee from candidates who furnish satisfactory evidence of their fitness without an examination (*s.* 10), and a larger fee from those who are obliged to take an examination (*s.* 7); but the requirement of an additional fee in payment for an examination is not an unconstitutional requirement, nor is it a taking without due process of law. "The fee of five dollars, to be paid by the applicant for license to engage in the business of an apothecary˙ and druggist, is

merely an equivalent for the service rendered by the commissioners in making the examination and issuing the license, and cannot be considered as a tax upon the business or as depriving the applicant of his property without due process of law." *State* v. *Forcier, supra.* It is true, also, that persons who have received a license from an examining board of a state having a law similar to our own are granted licenses here without examination, upon complying with certain conditions. This, however, is no discrimination between citizens of different states, further than any reasonable and proper police regulation of one state is a discrimination against the citizens of a state whose laws are less rigid. That such a regulation is constitutional has been repeatedly decided. *Smith* v. *Alabama,* 124 U. S. 465; *Nashville etc. R'y* v. *Alabama,* 128 U. S. 96.

PIKE, J. "No person shall hold himself out to the public as a physician and surgeon, or advertise as such, or use the title of M. D. or Dr. (or any title which shall show or tend to show that the person using the same is a practitioner of any of the branches of medicine) in New Hampshire, after September 1, 1897, unless previously registered and authorized, or unless licensed and registered as required by this chapter." Laws 1897, c. 63, s. 1. Section 2 of the chapter provides for the appointment, by the governor and council, of boards to examine applicants for a license; and section 4 provides that the superintendent of public instruction shall be, *ex officio,* the regent of the boards. By section 7, the regent is required to admit to examination any candidate who pays a fee of ten dollars, and submits satisfactory evidence, under oath if required, that he is twenty-one years of age and of good moral character; that he is a college graduate, or has completed a course of study in an academy or high school, or an equivalent course; that he has studied medicine not less than nine months in each of four years, including a course of at least six months in each year in a medical college of satisfactory standing; and that he has received the degree of bachelor or doctor of medicine from a medical school, or a diploma or license conferring the right to practice medicine in some foreign country. Section 8 requires the boards to furnish to the regent questions for thorough examinations in anatomy, physiology, hygiene, chemistry, surgery, obstetrics, pathology, diagnosis, and therapeutics, including practice and *materia medica,* from which the regent is to prepare questions to be submitted to candidates. Section 9 requires that the answers to the questions shall be in writing, and that they shall be marked by one of the boards and returned to the regent with a recommendation by the board whether a license shall be granted to the candidate. Section 10

requires the regent to issue a license to the candidate if he successfully passes the examination and is recommended for a license. Section 13 provides that "Every person who is a practitioner of medicine and surgery in this state prior to the passage of this act shall be, upon satisfactory proof thereof to the regent and upon the payment of a fee of one dollar, entitled to registration," and a certificate of the facts which shall entitle him to practice medicine. Section 12 makes a person who holds himself out as a physician and surgeon, but is not authorized to do so as required by the act, liable to punishment.

The defendant is regent. June 14, 1899, the plaintiff applied to him for registration and a certificate, and tendered the prescribed fee. He furnished statements of three residents to the effect that he attended them as a physician prior to the passage of the act, and a certificate of the city clerk of Manchester that the plaintiff certified to a death in 1896. His application was denied because he did not comply with a rule of the regent requiring the applicant to furnish certificates of a member of one of the medical societies mentioned in the act, and of two well-known citizens, that he was a practitioner of medicine and surgery.

A practitioner of medicine and surgery is a physician and surgeon who habitually holds himself out for the practice of the profession. *State* v. *Bryan*, 98 N. C. 644. The provision that "every person who is a practitioner . . . in this state prior to the passage of this act shall be . . . entitled to registration," raises the question whether it is enough for the applicant to show that he had been such a practitioner at some time in the past, or whether he must show that he was one when the act was passed. The language seems to refer to the present time,—"every person who *is* a practitioner." Although these words are qualified by the expression "prior to the passage of this act," they cannot reasonably be held to refer to persons who had been practitioners, but had ceased to be such when the act was passed. A fair construction of the language is that only those physicians and surgeons who were in practice in this state when the act was passed are entitled to registration under the section. This view is strengthened when it is considered that the purpose of the act was to prevent ignorant persons from administering drugs and trifling with the public health. The act prohibits a person from practicing medicine in this state without a license, and requires applicants—not already physicians —to show that they have passed a prescribed course of training and possess the requisite degree of skill. But the fact that an applicant is a physician and surgeon, in practice at the time, seems to have been deemed by the legislature as sufficient evidence that he had pursued the requisite course of training and possessed a reasonable degree of skill in the profession.

It is the duty of the regent to issue a license to each applicant who comes within the provisions of the act. Whenever application is made under section 13, the regent must determine (1) whether the applicant is a physician and surgeon, and (2) whether he was engaged in practice when the act was passed. In performing this duty he acts in a judicial capacity, and is bound to receive and consider all evidence that legally bears upon the questions. If for any reason the applicant is unable to furnish such a certificate as the regent may require, the fact does not conclusively show that the applicant does not possess the necessary qualifications. The regent should consider all competent evidence offered, and, if he is satisfied that the applicant comes within the provisions of the section, should issue to him a license.

The constitutionality of the act has not been considered, for the plaintiff has attempted to avail himself of its provisions and is therefore not in a position to question its validity.

*Mandamus* lies to compel a ministerial officer to perform a particular duty (*Butler* v. *Selectmen*, 19 N. H. 553; *Ballou* v. *Smith*, 29 N. H. 530; *School District* v. *Carr*, 63 N. H. 201; *Boody* v. *Watson*, 63 N. H. 320; *School District* v. *Greenfield*, 64 N. H. 84; *Boody* v. *Watson*, 64 N. H. 162), and to set inferior courts in motion if they refuse to hear a case which is properly before them (Smith N. H. 482), but not to compel them to find in a particular way. Spell. Ex. Rel., s. 1384; *United States* v. *Seaman*, 17 How. 225; *United States* v. *Commissioner*, 5 Wall. 563; *Farwell's Petition*, 2 N. H. 123; *Gage* v. *Censors*, 63 N. H. 92, 95; *Mansfield* v. *Fassett*, 63 N. H. 573.

The regent should give the petitioner a hearing, and admit all competent evidence bearing upon the questions at issue. If the evidence submitted amounts to satisfactory proof that the plaintiff was a physician and surgeon in practice in this state at the time of the passage of the act, he should be registered, and a certificate should be issued to him; if not, his application should be denied.

*Case discharged.*

All concurred.