### EDISON v. THOMAS A. EDISON, JR., CHEMICAL CO.

(Circuit Court, D. Delaware.   March 28, 1904.)

No. 236.

1. TRADE-MARKS—REGISTRATION.

Act March 3, 1881, c. 138, 21 Stat. 502, 1 Supp. Rev. St. p. 322 [U. S. Comp. St. 1901, p. 3401], providing for the registration of trade-marks and their protection, does not create any trade-mark, but on its face presupposes the existence of a valid trade-mark which may be registered on compliance with the requirements of the law.

2. SAME—INFRINGEMENT.

If, owing to non-compliance with the provisions of the act, the registration of a valid trade-mark be void, the trade-mark is not thereby nullified or injuriously affected, but still retains the nature and properties of a common law trade-mark, for the infringement of which suit may be maintained in the federal courts, if the requisite diversity of citizenship exists and the requisite jurisdictional amount is involved.

(Syllabus by the Court.)

In Equity.

Howard W. Hayes, for complainant.

William B. Whitney, for defendant.

BRADFORD, District Judge.   The Thomas A. Edison, Jr., Chemical Company, a corporation of Delaware, has demurred to a bill brought against it by Thomas A. Edison, a citizen of New Jersey, for alleged infringement of a trade-mark.   In substance the bill is to the effect that the complainant was December 15, 1897, and ever since has been, and now is domiciled in the United States, and was on that day, and ever since has been, and now is "the owner of a trade-mark for phonographs, phonographic supplies, kinetoscopes, kinetoscope films, numbering machines, batteries, X-ray apparatus, electromedical appliances, and other philosophical and scientific apparatus, then and still used by your orator in commerce with foreign nations," including, among others, Great Britain, France and Germany, "consisting of the autographic name 'Thomas A. Edison,' the words and letter being formed in characteristic autographic script with the loop of the first letter extending above and over the other letters constituting the mark, the essential feature of which is the word 'Edison' formed in characteristic autographic script"; that the complainant having in all respects complied with the provisions of law and the regulations prescribed by the Commissioner of Patents relating to the registration of trade-marks, duly obtained June 19, 1900, the registra-

tion and a certificate of registration of his above mentioned trademark for use in connection with "phonographs, parts of phonographs, phonographic blanks, kinetoscopes, kinetoscope-films, numbering-machines, batteries, X-ray apparatus, and electromedical appliances"; that since the registration of his trade-mark the complainant has manufactured and sold large numbers of batteries and electromedical apparatus and other scientific apparatus both in the United States and in many foreign countries, and the defendant, without his license, has manufactured and sold a large number of batteries and electromedical apparatus called the "Magno-Electric Vitalizer," having substantially the same descriptive properties as the batteries and electromedical apparatus referred to in the registration of the trade-mark, upon each of which was placed or caused to be placed by the defendant the complainant's trade-mark, or a copy, counterfeit or colorable imitation, so nearly resembling it as to be likely to cause confusion or mistake in the mind of the public and to deceive purchasers; that this suit is between citizens of different states; and that the matter actually in controversy exceeds the sum or value of $2,000, exclusive of interest and costs. The bill contains the usual prayers. The causes of demurrer are that "the registration of the complainant's alleged trade-mark and the certificate of registry of the said alleged trade-mark issued to the complainant, as set forth in said bill, and each and every part thereof, are void and of no effect in law, because that the statement which the complainant caused to be recorded in the Patent Office did not comply with the conditions and requirements of the law in such case made and provided, and further, because that, without authority of law and contrary to the provisions of the statute in such case made and provided, the said registration was had, and the said certificate of registry was issued, for a trade-mark for, and comprising more than a single class of merchandise." Whatever may be the ultimate determination of this case, I am satisfied that the demurrer should not be sustained. It is confined to the allegations of the bill touching the registration of the trade-mark. If it be assumed that the registration did not conform to law and was a nullity, it would by no means necessarily follow from that fact that no bill could be maintained for an infringement of the trade-mark. The Act of March 3, 1881, c. 138, 21 Stat. 502, 1 Supp. Rev. St. p. 322 [U. S. Comp. St. 1901, p. 3401], providing for the registration of trade-marks and their protection, does not create any trade-mark. Upon its face it presupposes the existence of a valid trade-mark which may be registered on compliance with the requirements of the law. Registration under the act does not affect in any manner the nature or function of the trade-mark. Its only effect is to confer upon the owners of trade-marks certain benefits or privileges which they would not otherwise possess. If, owing to non-compliance with the provisions of the act, the registration of a trade-mark be void, the trade-mark is not thereby nullified or injuriously affected, but still retains the nature and properties of a common law trade-mark, for the infringement of which suit may be maintained in the federal courts if the requisite diversity of citizenship exists and the requisite jurisdictional amount is involved. Here both appear upon the record.

There is no ground of demurrer, nor has it been contended by counsel, that the alleged trade-mark of the complainant is not in its nature or characteristics a mark, word or symbol capable of appropriation as a valid common law trade-mark. Assuming it to be valid, it could be appropriated and affixed by the complainant as well to many articles as to only one, and could be infringed as well with respect to only one as to many; and the allegations of the bill and its prayers are broad enough to support a decree for the complainant even on the assumption that the registration of his trade-mark was a nullity. On the whole I think that this case should be decided not on the demurrer but only after a hearing on proper pleadings and evidence. The demurrer must, therefore, be overruled with costs, and the defendant required to answer or plead to the bill by the first rule day in May next, with the right to set forth in its pleadings the matters referred to in the causes of demurrer.