# FULTON WATERWORKS COMPANY *v.* BEAR LITHIA SPRINGS COMPANY.

---

APPEAL AND ERROR; ESTOPPEL; TRADEMARKS; STATUTES; CONSTITUTIONAL LAW; JURISDICTION.

1. A party who prosecutes an appeal by virtue of a statute is estopped to deny the constitutionality of the statute. (Citing *Gaines* v.

*Carlton Importation Co.* 27 App. D. C. 571, and *Gaines* v. *Knecht*, 27 App. D. C. 530.)

2. A certificate of registration of a trademark is merely prima facie evidence of ownership of the mark, and by it the registrant acquires no vested right in the mark. (Following *Einstein* v. *Sawhill*, 2 App. D. C. 10.) The case of a patent is essentially different, as a patent creates a monopoly in the patentee that would not have existed without it.

3. Section 13 of the Act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, Comp. Stat. 1916, sec. 9498), giving the Commissioner of Patents the power to cancel registration of trademarks in certain cases, applies to registrations under the Act of Congress of March 3, 1881 [21 Stat. at L. 502, chap. 138]. (Following *Stamatopoulos* v. *Stephano Bros.* 41 App. D. C. 590.)

No. 1140, Patent Appeals.  Submitted January 17, 1918.  Decided March 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents canceling a registered trademark.  *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward S. Beach* for the appellant.

*Mr. Fritz V. Briesen* for the appellee.

Chief Justice SMYTH delivered the opinion of the Court:

This is a companion of the appeal in No. 1139 just decided, ante, 434. The trademark involved is the same. It was registered by the appellant in 1894 under the Act of 1881 [21 Stat. at L. 502, chap. 138] is claimed by the Great Bear Spring Company, appellant in No. 1139, and was embraced by the interference mentioned in that case. Appellee asked for the cancelation of the registration upon the same grounds as those stated in No. 1139, and the answer of appellant, with the exception of the name of the registrant and the date of registration was, so far as the facts were concerned, similar. These excep-

tions do not require a different ruling from that made in the prior appeal concerning identical facts.

In addition to the propositions of law advanced in No. 1139, appellant challenges here: (a) The constitutionality of the entire Trademark Statute; (b) the jurisdiction of this court; and (c) the constitutionality of section 13 of the Act of 1905 [33 Stat. at L. 728, chap. 592, Comp. Stat. 1916, sec. 9498].

With respect to the first objection, made in oral argument, though not in the brief, appellant is estopped. It prosecutes this appeal by virtue of the statute which it assails. Its presence here as an appellant is in effect an assertion on its part that the statute is valid. It cannot claim under the statute and at the same time denounce it as an unwarranted exercise of power by Congress. (*Gaines* v. *Carllon Importation Co.* 27 App. D. C. 571; *Gaines* v. *Knecht,* 27 App. D. C. 530; *Wall* v. *Parrot Silver & Copper Co.* 244 U. S. 407, 411, 412, 61 L. ed. 1229, 1231, 37 Sup. Ct. Rep. 609; *Daniels* v. *Tearney,* 102 U. S. 415, 421, 26 L. ed. 187, 189.) He who saws off the limb upon which he stands usually suffers a disastrous consequence.

When analyzed, the two last propositions comprehend but one question, namely, whether section 13 confers authority upon the Patent Office to cancel a trademark registered, as appellant's was, under the Act of 1881, which did not expressly grant such authority, the argument being that by the registration the appellant acquired a vested right, and since, as it asserts, the Act of Congress through which that right emerged did not provide for cancelation, it was not competent to take it away by subsequent legislation. Is this the correct interpretation of the Act of 1881? First, we inquire what was granted to the registrant by that act. A certificate which, it says, "shall be prima facie evidence of ownership" (sec. 7.) It adds nothing to the right of ownership (unless the jurisdiction conferred by it on Federal courts does), which existed independently of the statute; merely furnishes prima facie evidence of it. (*Einstein* v. *Sawhill,* 2 App. D. C. 10; *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.* 179 U. S. 665, 45 L. ed. 365, 21 Sup. Ct. Rep. 270; *Sarrazin* v. *W. R. Irby Cigar & Tobacco Co.* 46 L.R.A. 541; 35 C. C. A. 496, 93 Fed. 624; *Edison* v. *Thomas A. Edison, Jr.*

*Chemical Co.* 128 Fed. 1013.)  As a general thing, a person has no vested right in a rule of evidence.  (*Thompson* v. *Missouri,* 171 U. S. 380, 43 L. ed. 204, 18 Sup. Ct. Rep. 922, 6 R. C. L. sec. 285.)  The Trademark Statute simply arms the registrant with the presumption of ownership,—relieves him of the burden of proof on that point.

Registration is essentially different from a patent, which creates a monopoly in the patentee that would not have any existence without it.  (*E. Bement & Sons* v. *National Harrow Co.* 186 U. S. 70, 46 L. ed. 1058, 22 Sup. Ct. Rep. 747; *O. H. Jewell. Filter Co.* v. *Jackson,* 72 C. C. A. 304, 140 Fed. 340.) Consequently decisions holding that a patentee has a vested right which cannot be disturbed by legislation are not applicable.

· Besides, it is by no means clear that the Act of 1881 did not give the Commissioner authority to cancel an improper registration.  Every registrant under that act took a certificate subject to the power of the Commissioner to decide any dispute "between. him and a subsequent applicant for the registration of the same mark" according to "the practice of courts of equity of the United States in analogous cases."  If in such dispute the Commissioner held that the registrant had no right to the mark, and that the applicant had, would it not follow necessarily on the analogy "of the practice of courts of equity" that he had the right to erase the wrongful registration, and thus destroy the prima facie evidence of which the applicant complained.  If so, the appellant's registration in the present case was subject to the power of the Patent Office to cancel it in a proper proceeding, and that power was not withdrawn by the Act of 1905.  (See sec. 30.)  But, however this may be, we have heretofore, upon full consideration, decided that section 13 of the Act of 1905, giving to the Commissioner the power to cancel registrations in certain cases, applies to registrations. under the Act of 1881 and represents a valid exercise of Congressional power.  (*Stamatopoulos* v. *Stephano Bros.* 41 App. D. C. 590).  And we perceive no reason in appellant's argument, or otherwise, for not adhering to that decision.

The decision of the Commissioner of Patents is affirmed.

*Affirmed.*