JOHN J. TAYLOR, Plaintiff-Appellee, *v.* JOHN B. HAYES *et al.*, Defendants-Appellants.

(No. 53948; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District—October 30, 1970.

306

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellants.

Warren J. Carey, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendants appeal from a judgment which found (1) that certain provisions of the Psychologist Registration Act, Ill. Rev. Stat. 1963, ch. 91½, pars. 10 and 11 (hereinafter "Act") were not applicable to the plaintiff to the extent that (a) they prohibited him from holding himself out to the public as a psychologist and (b) they operated to make the plaintiff

ineligible to apply for a certificate of registration on the basis that he did not have the educational requirements as set forth in the Act; (2) that a writ of injunction issue restraining defendants from interfering with the right of plaintiff to hold himself out as a psychologist; (3) that the educational or examination requirements of Sections 10 and 11(a) and (b) of the Act were inapplicable to the plaintiff and should not be applied to him; and (4) that plaintiff was entitled to receive a certificate of registration as a psychologist and that a writ of injunction issue compelling defendants to issue such certificate.

Provisions 10 and 11(a) and (b) of the Act provide in part:

"*10. Certificate of registration-Qualifications of applicant-Examinations-Fee.*] § 10. The Department, except as provided in Section 11, shall issue a certificate of registration as psychologist to any person who pays an application fee and who:

(a) Is at least twenty-one years of age;

(b) Is of good moral character;

(c) Is a citizen of the United States or has legally declared his intention of becoming such a citizen;

(d) Has received a doctoral degree in psychology from a college, university, or other institution, approved by the Department;

(e) Has had at least two years of satisfactory professional experience;

(f) Has passed an examination conducted by the Department to determine his fitness to receive a certificate.

\* \* \*

*11. Education and examination requirements—* \* \* \* (a) Until 2 years after effective date of this Act the Department shall allow a Master's degree in psychology from an approved college, university, or other institution and 2 years professional experience which is deemed satisfactory by the Department, to meet the education and examination requirements of paragraphs (d), (e) and (f) of Section 10.

(b) After 2 years but within 8 years after effective date of this Act the requirements of paragraphs (d) and (e) of Section 10 shall be modified and shall be deemed to be met by the submission of evidence satisfactory to the Department that the applicant (1) has received a Master's degree in psychology from an approved college, university, or other institution; and in addition (2) has had at least 5 years of satisfactory professional experience in rendering psychological services, including at least 2 years of satisfactory supervised experience in rendering psychological services, 1 year of which experience must have been received following completion of the Master's degree."

The facts may be briefly summarized. Some time after the enactment of the Act, plaintiff was served with a notice by an investigator of the Department of Education and Registration (hereinafter "Department") informing him that he would be arrested if he continued to practice psychology in violation of the Act. Thereafter, on December 4, 1965, plaintiff filed his complaint for declaratory judgment and writ of injunction.

At trial plaintiff testified that he is a practicing psychologist who has been actively engaged in such practice since 1953. He had a Bachelor of Arts degree and he had completed thirty-two hours of post-graduate studies at schools approved by the Department. He finished his academic work in 1954. He did not receive a Master's degree for in order to receive such a degree he would have had to intern at a state hospital for one year. He was unable to intern since there was illness in the family which required his financial assistance and he believed that he would not have been compensated for his internship period.

At the conclusion of his schooling he worked as a psychologist for the Oak Park Neuropsychiatric Clinic under the supervision of Dr. Melvin Blaurock. He remained with the clinic for five years.

After leaving the clinic he opened up his own practice. He received referrals from the Clinic, from other doctors and from other patients. Following the passage of the Act in 1963 (which required registration of psychologists for the first time in Illinois) he was no longer able to hold himself out as a psychologist; he could not list his name in the telephone book under "psychologist"; his designation as psychologist no longer appeared on his office door; and he lost his membership in a professional association. As a consequence of the Act he no longer received referrals from other doctors or former clients and his gross annual income decreased by $8,000 to $10,000. Further, he has not been able to use certain terms in consultations with clients which limits his effectiveness.

Upon inquiry he had been informed by Roosevelt University that in order to receive a Master's degree he would have to retake all of the post-graduate courses he had previously studied due to the lapse of time which had occurred from 1954. It was his belief that as a result of his failure to take the one year of internship, thereby qualifying him to receive a Master's degree, he could not receive a certificate to practice psychology in Illinois.

The trial court found the Act unconstitutional as applied to the plaintiff and ordered that a writ of injunction issue compelling defendants to issue to plaintiff a certificate of registration as a psychologist. From this judgment defendants appeal.

*Opinion*

During oral argument the only issue argued by the defendants was whether or not the Act was a valid exercise of the state's police power. However, in its brief the plaintiff concedes that if the legislature believed that it was in the public interest that registered psychologists possess a master's or doctoral degree, "then the plaintiff is content to defer to the wisdom of the legislature in this regard." Plaintiff in his brief does argue that:

"The precise issue raised by this appeal, therefore, is not whether it is unreasonable to require applicants for registration to possess a master's or doctoral degree; rather, the issue is whether it was unreasonable to neglect to make alternative provisions for ascertaining the qualifications of those psychologists who were then already engaged in the practice of psychology, but who were not then possessed of these advanced academic degrees."

Plaintiff contends that the Act constitutes a denial of due process of law and is arbitrary and unreasonable in its application as to him.

The term "grandfather clause" is often used to refer to special provisions made for the existing practitioner in statutes which undertake to regulate a trade or profession for the first time. In *State v. Streeter*, 226 Minn. 458, 33 N.W.2d 56, 59, the court in discussing the purpose of a grandfather clause stated:

"The purpose of an exception or grandfather clause is to exempt from the statutory regulations imposed for the first time on a trade or profession those members thereof who are then engaged in the newly regulated field on the theory that they who have acceptably followed such profession or trade for a period of years, or who are engaged therein on a certain date, may be presumed to have the qualifications which subsequent entrants to the field must demonstrate by examination. *Watson v. Maryland*, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987; *Hart v. Folsom*, 70 N.H. 213, 47 A. 603; Annotation, 136 A.L.R. 219."

See also Annotation, 4 A.L.R.2d 667.

In Illinois, the legislature has frequently made special provisions in the form of a grandfather clause for those existing practitioners in a medical profession which was being regulated for the first time. For example:

"*Physicians practicing medicine:* Persons practicing medicine within the State for 10 years were exempted. (Ill. Rev. Stat. 1881, ch. 91, par. 17.)

*Dental Surgeon:* Exempts those engaged in practice at the time of the passage of the Act. (Rev. Stat. of Ill., Cothran's Anno. Ed., 1881-82, ch. 38a.)

*Optometrists:* Exemption for those engaged in practice for 3 years and who file an application to register within 3 months. (Callaghan's Ill. Laws Annotated, 1915, ch. 91, ¶ 7462(9).)

*Veterinarians:* Qualifies those in active practice 3 years. (Hurd's Ill. Rev. Stat., 1899, ch. 91, § 47.)

*Chiropodist:* Exempts those existing practitioners who have practiced longer than one year. (Hurd's Ill. Rev. Stat., 1917, ch. 23a, § 3.)

*Pharmacists:* Provides for registration of those engaged in business of a dispensing pharmacist at time of passage of the Act. (Rev. Stat. of Ill. Cothran's Anno. Ed., 1881-82, ch. 108a.)"

In each of these statutes which regulated a medical professional field for the first time the Illinois legislature made some provision for ascertaining the qualifications of an existing practitioner, either by length of experience or by examination. Many other states which regulate the licensing or registration of psychologists provide some type of grandfather provision for the existing practicing psychologist at the time of the enactment or effective date of the Act. These states include: Alabama, Arizona, Arkansas, Connecticut, Delaware, Georgia, Kansas, Louisiana, Maine, Maryland, Michigan, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, South Carolina, Tennessee and Virginia.

While plaintiff raises no question as to the right of the legislature to regulate the registration of psychologists, he does claim that "his right to pursue the practice of his profession is clearly within the constitutional guaranty of 'life, liberty and the pursuit of happiness' (Const. of Ill. 1870, Art. II, Sec. 1) and is also a right of property which cannot be taken from him without 'due process of law' (U.S. Const., Amend. XIV; Const. of Ill. 1870, Art. II, Sec. 2)  *  *  *." See *People v. Love,* 298 Ill. 304, and *Burden v. Hoover,* 9 Ill.2d 114.

In the instant case the plaintiff was actively engaged in the practice of psychology for approximately nine years before the enactment of the Act. He had prepared himself by completing four years of undergraduate study where he received a Bachelor of Arts degree and by taking thirty-two hours of post-graduate study in psychology. He then worked as a psychologist at a clinic for five years before entering private practice which he then pursued for four more years. Plaintiff had accomplished all of this at a time when no legislation existed which regulated his profession. Then, when the legislature saw fit to regulate practicing psychologists, it provided that only those who possessed a master's or doctoral degree could qualify for registration.

██ When a profession is regulated for the first time, it may be assumed that those who have followed this profession in the community

for a period of years have the qualifications for their work. (See *Watson v. Maryland,* 218 U.S. 173.) In the instant case the right of the plaintiff to pursue his profession was fixed during the pre-regulatory period and any subsequent legislation affecting his profession must be reasonable as it affects his special situation. We find that the requirement that plaintiff, as a practicing psychologist at the time of the enactment of the Act, possess a master's or doctoral degree to qualify for registration is unreasonable and arbitrary and denies him due process of law since it effectively excludes him from continuing to practice without providing an alternative method for evaluating his ability. We also believe that defendants' suggestion that plaintiff return to school and retake all of his post-graduate courses and then intern, some seventeen years after his graduation from college, is unreasonable.

██ However, we cannot agree with the trial court's judgment order that a writ of injunction issue compelling defendants to issue to plaintiff a certificate of registration, even though we have found that the educational requirements of the Act, as applied to plaintiff, are arbitrary and unreasonable. In his brief plaintiff states:

"It would have been a simple matter for the legislature to have recognized this special situation of the existing practitioner by merely providing for his examination and the evaluation of his qualifications by the Department of Registration and Education. If the Department were to find that his level of competence was equal to that of one possessing an advanced academic degree, then he would be eligible to apply for registration without the possession of such a degree; if not, then the applicant would have no grounds for complaint."

We accept the plaintiff's statement of the proper procedure which the Department should follow in this case. Therefore we believe that the procedure of examination and evaluation as set forth by plaintiff would be in the best interest of the Department and the general public which the Act seeks to protect.

We note that our holding only affects plaintiff's particular situation. All those who have entered the psychologist field since the enactment of the Act have been put on notice of the educational requirements for rgistration as psychologist and they would be in no position to challenge the Act on the grounds asserted by the plaintiff herein.

Defendants next contend that plaintiff's suit for declaratory judgment was improper since section 22 of the Act provides for adequate administrative review. section 22 provides:

"All final administrative decisions of the Department hereunder shall be subject to judicial review pursuant to the provisions of the "Administrative Review Act", approved May 8, 1945, and all amendments

and modifications thereof, and the rules adopted pursuant thereto."

In support of their argument defendants cite *People ex rel. Builders Supply and Lumber Co. v. Nudelman*, 22 Ill.App.2d 283, and *Bank of Lyons v. County of Cook*, 13 Ill.2d 493. However, both of these cases dealt with variances of zoning ordinances and the procedures required before seeking judicial relief.

■■ In the instant case, however, there is no provision within the Act for the granting of an exception or variance as to the educational requirements. The applicant must have the necessary academic degrees to register as a psychologist. Since the Act makes no provision for the waiver of the academic degree requirement by the Department or any other review board, it would have been a useless act for the plaintiff to apply for administrative relief. (See *Westfield v. City of Chicago*, 26 Ill.2d 526, and *Fiore v. City of Highland Park*, 76 Ill.App.2d 62.) We find that plaintiff's suit for declaratory judgment was a proper form of judicial relief.

The declaratory judgment finding that the provisions of the Psychologist Registration Act are not applicable to the plaintiff to the extent that they operate to make the plaintiff ineligible to apply for a certificate of registration as a psychologist on the basis that he does not have the educational requirements set forth in said Act and particularly in Sections 10 and 11(a) and (b) thereof, and the judgment ordering the issuance of an injunction directed to the defendants and to any person who might succeed them to their respective offices, compelling them to process any application heretofore or hereafter made by the plaintiff for the issuance of a certificate of registration as a psychologist without reference to the educational requirements as set forth in the Psychologist Registration Act are affirmed. All other portions of said judgment are reversed and the cause remanded with directions to enter a judgment and issue a writ of injunction in accordance with this opinion.

Affirmed and reversed in part and remanded with directions.

ENGLISH and LEIGHTON, JJ., concur.