Richard Thomas WHITTLE, Plaintiff in Error,

v.

STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS, Defendant in Error.

No. 42736.

Supreme Court of Oklahoma.

March 30, 1971.

Paul G. Darrough, Paul G. Darrough, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

McINERNEY, Justice.

Plaintiff-in-Error is a psychological consultant to commerce and industry who has been practicing his profession in Oklahoma since the early 1950's. He has both a bachelor's and a master's degree in psychology from Southern Methodist University, and was later enrolled in the doctoral program in psychology at the University of Oklahoma—leaving to go into full-time practice. For the most part, he has always been a sole practitioner.

In 1965 the Legislature enacted the Oklahoma Psychologists Licensing Act, 59 O.S. Supp.1970, § 1351 et seq., which for the first time made licensing a prerequisite to

the practice of psychology in this State. Generally speaking, the doctorate was made the prime prerequisite for licensing, but two exceptions, commonly known as "grandfather clauses," were allowed to persons already practicing as psychologists with only master's degrees in psychology. Under one, contained in Section 1362(b) of Title 59, a master's holder could take a qualifying examination provided he had had five years of practice under supervision; and under the other exception, Section 1366(b)(2), such an applicant could be licensed without examination if he had had eight years of practice "satisfactory to the Board."

Because of the solitary nature of Plaintiff-in-Error's practice, he could not assert the five years' practice "under supervision" required for admission to take the examination under Section 1362, supra. He therefore filed, on the basis of his more than eight years of practice, for licensing under the non-examination provisions of Section 1366.

We note at the outset that the filing periods under both "grandfather" clauses referred to above terminated one year from the effective date (June 28, 1965) of the Act, or on June 28, 1966; and since almost five years have passed since the closing deadline for these "grandfather" filings, no one now seeking licensing can be eligible thereunder. All persons applying for licensing within Oklahoma since 1966 have been required to possess the doctorate and take an examination, Section 1362(a) (except persons applying under the reciprocity provision of § 1366(c)). The rule announced here, therefore, has no application to present licensing.

In the applicant's Section 1366 proceedings before the Board, there appears to have been no dispute as to his academic qualifications, nor as to the length (or successful nature) of his practice (i. e., in excess of eight years). However, in emphasizing the requirement of eight years' practice "satisfactory to the Board," the Board apparently took the position, possibly under the broad language of Section 1364,

that it could become "satisfied" of the character of an applicant's practice only by the testimonial letters of three to five licensed (or eligible for licensing) psychologists personally familiar with the character of the applicant's practice. Since Plaintiff-in-Error had been a sole practitioner for virtually all of his career, and dealing with industrial clients rather than with other professionals, it was naturally impossible for him to comply with this administrative requirement (although he did produce a number of favorable letters from his former professors, plus one from a former associate who did vouch for the character of his practice); and solely for lack of these three-to-five letters of other psychologists familiar with his actual practice, the Board denied licensing.

That order of denial was affirmed on appeal to the District Court of Oklahoma County, from which this appeal has been taken. The District Court, however, did stay execution of the Board's order, without bond, pending this appeal. We reverse the denial of licensing.

■■■■ Since Plaintiff-in-Error had established a successful practice of psychology in Oklahoma at a time when it was lawful to do so in this State without licensing, that practice must be viewed as a vested property right, subject only to such subsequent regulation as might be reasonably and rationally related to safeguarding the public health and welfare. State ex rel. Whetsel v. Wood, 207 Okl. 193, 248 P.2d 612, 34 A.L.R.2d 1321 (1952). And given the proprietary nature of an already established practice, we feel that the Board was unduly restrictive in insisting that the nature of the applicant's lengthy and successful practice could be established as "satisfactory to the Board" *only* by three-to-five letters of other psychologists familiar with the applicant's practice. We feel that under the circumstances, the Board should have established some reasonable alternative procedure for allowing the applicant to demonstrate his competence. See Taylor v. Hayes, Ill.App., 264 N.E.2d 814 (1970). We hold that since the

applicant was not statutorily entitled to take the examination to demonstrate his competence, the administrative rule herein resulting in the denial of a license without a suitable alternative procedure to demonstrate such competence was unreasonable. This Court feels confident that on remand the Board's expertise will easily enable it to promulgate and apply some reasonable and acceptable means for determining whether or not the character of the applicant's practice, or his competence, is sufficiently satisfactory so as to allow him to continue his profession.

Upon the District Court's own remand to the Board for further proceedings in accordance with his opinion, the District Court should also, in the interests of justice, retain supervisory jurisdiction and continue its previous stay order allowing applicant in the interim to continue, without bond, his industrial consultation practice.

Reversed and remanded with directions.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.