**Joseph R. BERGER, Petitioner,**

v.

**BOARD OF PSYCHOLOGIST EXAMINERS FOR the DISTRICT OF CO-LUMBIA, Respondent.**

Nos. 6681, 6723.

District of Columbia Court of Appeals.

Argued March 26, 1973.

Decided Dec. 11, 1973.

5. In re Brown, 147 U.S.App.D.C. 156, 166, 454 F.2d 999, 1009 (1971).

6. Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861 (1936).

Edward L. Genn, Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before NEBEKER and HARRIS, Associate Judges, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

On January 8, 1971, Congress enacted the "Practice of Psychology Act" for the District of Columbia.[1] The Act defined the "practice of psychology" and, with certain exceptions not here material, made such practice unlawful unless the practitioner held a license issued by the Commissioner of the District of Columbia. Administration of the Act was delegated by the Commissioner to a Board of Psychologist Examiners.

One qualification required for taking the examination for a license is the holding of a doctoral degree in psychology or a doctoral degree in a field related to psy-

chology.[2] One qualification required of those seeking a license without examination is the holding of a doctoral degree in psychology or other acceptable doctoral degree, or a master's degree in psychology.[3]

On or about the effective date of the Act, petitioner filed an action in the United States District Court for the District of Columbia to declare the Act invalid and unconstitutional.[4] He alleged he had "practiced the profession of psychology and psychotherapy" in the District of Columbia for more than 13 years, but since he lacked any of the required degrees he was ineligible under the Act to obtain a license by or without an examination. He alleged that the Act, as applied to him and others in like situations, was invalid and unconstitutional. The District Court dismissed his action without prejudice on the grounds that he had failed to make a showing of irreparable injury and had failed to exhaust his administrative remedies.

Petitioner then filed with the Board of Psychologist Examiners an application for a license, without examination, to practice psychology.[5] His application was denied preliminarily because of his lack of either of the required degrees. He requested and was granted a formal hearing. He testified as to his studies in the field of psychology and his experience in the practice of psychology, but admitted that his only earned degree was a B.C.S. in accounting. The Board ruled that as petitioner conceded he had neither of the required degrees, he was not qualified for the requested license. Petitioner then filed in this court his petition for review.[6]

In this court petitioner does not contend that the Board improperly denied him a li-

1. D.C.Code 1973, §§ 2–481 to 2–498.

2. D.C.Code 1973, § 2–486.

3. D.C.Code 1973, § 2–487.

4. Named as defendants were the Commissioner, the Corporation Counsel, and the Attorney General of the United States, and their successors in office and agents.

5. Subsequent to the filing of the application the District Court amended its order by, among other things, striking the exhaustion of administrative remedies as a ground for dismissal.

6. The Act gives an applicant the right of review by this court of the refusal by the Board to issue a license. D.C.Code 1973, § 2–492 (c).

cense. Here he makes a direct attack on the constitutionality of the Act. We understand his argument to be (1) that the Act's definition of the practice of psychology is unconstitutionally vague, (2) that the Act is unconstitutional because of the lack of a "real grandfather clause", and (3) that the Board is unconstitutionally constituted.

With commendable frankness petitioner admits his doubt of this court's jurisdiction "in an *administrative* appeal under *this* Act at this time"[7] to determine all the issues he raises. But, says petitioner, although he is barred from administrative relief because of the language of the Act which the Board has no power to waive, he has been compelled "to proceed administratively simply to preserve his rights"[8] and to raise in this court the same questions he raised in the District Court.

The Board argues that petitioner cannot raise these questions here, that he is barred by the principle "that one cannot in the same proceeding both assail a statute and rely upon it." Buck v. Kuykendall, 267 U.S. 307, 316, 45 S.Ct. 324, 326, 69 L.Ed. 623 (1925). Petitioner may say he is not relying on the Act but he went to the Board created by the Act, sought Board action under a provision of the Act, and his right to come to this court was given by the Act. In a somewhat similar situation in Fulton Waterworks Co. v. Bear Lithia Springs Co., 47 App.D.C. 437, 439 (1918) it was said:

It [appellant] prosecutes this appeal by virtue of the statute which it assails. Its presence here as an appellant is in effect an assertion on its part that the statute is valid. It cannot claim under the statute and at the same time denounce it as

an unwarranted exercise of power by Congress. . . .[9]

Furthermore, the record makes clear that petitioner, although applying for a license without examination, fully realized that under the statutory requirements he was not entitled to such a license and that the Board had no power to waive those requirements and petitioner expressly acknowledged that the Board lacked authority to pass upon the constitutional questions raised by him.[10] His position was in conformity with that of the Supreme Court in Public Utilities Commission of Cal. v. United States, 355 U.S. 534, 539, 78 S.Ct. 446, 450, 2 L.Ed.2d 470 (1958) where it was said: "That issue is a constitutional one that the Commission can hardly be expected to entertain."

It is thus obvious that petitioner expected no relief from the Board. As far as he was concerned, the proceeding before the Board was a formality, used merely as a step to come to this court. Having gotten here by that procedure, in effect he seeks to institute an original action to have this court declare the Act invalid and unconstitutional. Does he have a right to institute such action and do we have a right to entertain it? We think not.

Petitioner is in this court by virtue of that section of the Act providing that one aggrieved by a decision of the Commissioner [Board] may seek review of that decision here; but he does not claim to be aggrieved by the Board's decision. He makes no claim the Board was in error in denying him a license. What is there for this court to review? We know of no authority holding that on review of an administrative order the basic statute creating the administrative agency may be at-

---

7. Petitioner's Brief, page 18.

8. Petitioner's Brief, page 19.

9. *See also* Spindel v. Jamison, 199 Va. 954, 103 S.E.2d 205, 210 (1958) where it was said: "No litigant will be heard to deny the validity of a statute under which he has chosen to proceed."

10. In a communication to the Board at the time of the hearing petitioner stated: "It is the further position of the applicant that this Board, like any other administrative agency, lacks the power or authority to make legal determinations as to the scope, extent, or constitutionality of the law involved." [R. at 41.]

tacked and declared invalid as unconstitutional.

Our local Administrative Procedure Act grants judicial review of an order or decision of an administrative agency to one adversely affected or aggrieved thereby, and authorizes this court to affirm, modify or set aside such order or decision.[11] In review the order or decision this court is authorized "to interpret constitutional and statutory provisions" and to hold unlawful and set aside any "action or findings and conclusions . . . contrary to constitutional right, power, privilege or immunity . . . ."[12] We understand these provisions to authorize this court to review any actions of the Board by way of rule, procedure, practice, hearing, and decision making in order to insure no violation of due process by the Board,[13] but we do not understand these provisions to authorize this court on review of Board action to pass upon the constitutionality of the basic statute creating the Board. If in this proceeding we were to hold the Act void for unconstitutionality we would strike down the provision of the Act which gives us the right of review. To paraphrase the observations of Chief Justice Smyth in Fulton Waterworks Co. v. Bear Lithia Springs Co., *supra,* we would cut off the limb on which we stand, with the usual disastrous consequences.

We sympathize with petitioner in the predicament in which he was placed. He did not wish to go to the Board because he realized the Board could give him no relief. He attacked the Act in the District Court but his complaint was dismissed partly on the ground he had failed to exhaust his administrative remedies. He then felt compelled to apply to the Board for a license although he considered that an empty and useless gesture. When, as expected, his application was denied, he felt obliged to continue the administrative process by seeking review in this court. In so doing he was forced to completely reverse the position he had taken in the District Court.[14] There he had relied on Public Utilities Commission of Cal. v. United States, *supra,* where it was said:

> But where the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way of protecting the asserted constitutional right. . . . [355 U.S. at 540, 78 S.Ct. at 450.][15]

Our holding that petitioner may not in this administrative review attack the constitutionality of the Act does not leave him without a remedy. If petitioner is criminally charged with practicing without a license,[16] he may assert as a defense his claim that the Act is unconstitutional, and if attempt is made to enjoin him from practicing without a license,[17] he may assert the same defense. And since he has now pursued the administrative process without success, there is no apparent reason why he may not in an original action seek judicial declaration by injunction or otherwise that the Act is unconstitutional. *See* Husband v. Cassel, 130 So.2d 69 (Fla. 1961), a case relied upon by the petitioner.[18]

---

11. D.C.Code 1973, § 1–1510.

12. *Id.*

13. *See* Whittle v. State Bd. of Examiners of Psychologists, 483 P.2d 328 (Okl.1971).

14. The Corporation Counsel also takes a different position here from the one it took in the District Court.

15. [T]he clear purport of appellees' complaint was that the State Board of Optometry was was unconstitutionally constituted and so did not provide them with an adequate administrative remedy requiring exhaustion. . . . Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 1696, 36 L.Ed.2d 488 (1973).

16. D.C.Code 1973, § 2–493.

17. D.C.Code 1973, § 2–494.

18. *See also* Pitts v. State Board of Examiners of Psychologists, 222 Md. 224, 160 A.2d 200 (1960); National Psychological Ass'n v. University of N. Y., 8 N.Y.2d 197, 203 N.Y.S.2d 821, 168 N.E.2d 649 (1960).

In closing we feel required to comment upon some puzzling provisions of the Act. The provision which affords review of a decision of the Board by this court, adds: "Such review shall be subject to appeal to the United States Court of Appeals for the District of Columbia Circuit." [19] This provision is puzzling because many months before enactment of the Act under consideration (July 29, 1970, to be exact), Congress had enacted the District of Columbia Court Reform and Criminal Procedure Act of 1970, effective February 1, 1971, making this court the "highest court of District of Columbia," [20] with jurisdiction to review orders and decisions of any agency of the District of Columbia.[21] Previously existing powers of the United States Court of Appeals to review decisions of this court, with rare exceptions,[22] ceased upon the effective date of the Court Reform Act.[23] It is inconceivable that Congress, having made this court the highest court of the District of Columbia with its decisions subject to review only by the United States Supreme Court,[24] would have intended to single out this newly created agency, Board of Psychologist Examiners, for special treatment, giving review of its decisions to this court and then a second review by the United States Court of Appeals. Yet it appears that is what Congress has done and to add to the confusion has made review by the United States Court of Appeals a matter of right. Never before in the history of this court has there been an appeal of right to the United States Court of Appeals. Appeals from this court have always been discretionary with the United States Court of Appeals on petition for allowance of appeal.[25]

Another puzzling provision of the Act is one that authorizes the United States District Court to enjoin the unauthorized practice of psychology on petition by the Corporation Counsel for the District of Columbia.[26] Again, it is difficult to imagine any reason why Congress intended to bypass the Superior Court of the District of Columbia, the local trial court of general jurisdiction created by the Court Reform Act,[27] and also this court which by reason of the Court Reform Act acquired "final authority to interpret a D.C. enactment." [28]

We can only assume that the provisions in the Act relating to the United States Court of Appeals and to the United States District Court were inadvertent and without due consideration of the previously enacted Court Reform Act.[29] The Corporation Counsel of the District of Columbia should promptly call to the attention of Congress this legislative inconsistency and, if our assumption is correct, seek remedial legislation to remove the inconsistency.

Finding no error in the order of the Board, the order is

Affirmed.

---

19. D.C.Code 1973, § 2–492(C).

20. D.C.Code 1973, § 11–102.

21. D.C.Code 1973, § 11–722.

22. D.C.Code 1973, § 11–301.

23. *See* M. A. P. v. Ryan, D.C.App., 285 A.2d 310 (1971).

24. D.C.Code 1973, § 11–102.

25. *See* D.C.Code 1967, § 11–321. *See also* D.C.Code 1973, § 11–301.

26. D.C.Code 1973, § 2–494.

27. *See* D.C.Code 1973, § 11–921.

28. Williams v. W. M. A. Transit Co., 153 U.S.App.D.C. 183, 191, 472 F.2d 1258, 1266 (1972).

29. In the District Court action the District of Columbia Psychological Association took credit for having "had a good deal to do with the passage" of the Act. It should take no pride in the drafting of the legislation.

NEBEKER, Associate Judge (concurring in the result):

I concur in the result, but my doubts that petitioner has "relied" on the statute he now assails are sufficient for me to take a different approach. Petitioner did not rely on the Act; rather, he was forced to go to the Board by the United States District Court and to exhaust an administrative "remedy" rightfully assumed to be futile.[1]

Moreover, the second and seemingly independent basis for not deciding the issues raised is, to me, also of doubtful validity. The District of Columbia Administrative Procedure Act, D.C.Code 1973, § 1–1510, does permit "order or decision" review by this court, as the opinion of the court states. It is also true that petitioner is not really attacking the decision of the Board. He agrees it cannot grant him a license, and acknowledges that his attack is upon the validity of the Act in part due to the absence of a "grandfather clause" perpetuating his right to continued lawful practice. However, our review responsibility is not conferred solely by § 1–1510. D.C. Code 1973, § 2–492(B) specifically confers jurisdiction in this court over a decision "refusing to issue a license or certificate *for any cause under the provisions of [that] subchapter*". (Emphasis supplied.) *See* D.C.Code 1973, § 2–492(B) & (C). It seems to me that failure to have the requisite academic degree is a "cause" for refusing a license and such may be reviewed by this court. The question whether we can or should reach the constitutional issues is, however, quite something else.[2] I would not decide these issues on this administrative record, but leave petitioner to his judicial remedy in equity where he started in the first place.

It is of particular significance to this issue that the evidence petitioner presented to the Board respecting his asserted professional background and experience was irrelevant in those proceedings. The Board had no power to grant an exception as petitioner requested. Accordingly, I do not view this record as reflecting, affirmatively or negatively, a finding whether petitioner possessed equivalent professional standing sufficient to warrant excepting him from the license requirement of the Act. Moreover, this court is hardly equipped in this administrative review proceeding to decide without factual determinations the constitutional question whether petitioner has a colorable claim to a prior vested right to practice psychology by virtue of earlier experience and standing in his field. *E. g., Rossiter v. Law Committee of the State Board of Law Examiners,* 42 U.S.L.W. 2017 (Colo. June 12, 1973); *Taylor v. Hayes,* 131 Ill.App.2d 305, 264 N.E.2d 814 (1970). See *Barr v. Matteo,* 355 U.S. 171, 78 S.Ct. 204, 2 L.Ed.2d 179 (1957); *Gomez v. Wilson,* 155 U.S.App.D. C. 242, 477 F.2d 411 (1973).

We are aware that our decision returns petitioner to a court of general jurisdiction for resolution of his controversy. Since, however, there has been no disruption in his practice pending Board action and decision of this petition, we do not perceive

---

1. Petitioner could have appealed the dismissal order and urged that the District Court erred in declining jurisdiction at least without staying its hand to permit administrative re-action. *See* Sohm v. Fowler, 124 U.S.App. D.C. 382, 365 F.2d 915 (1966), and Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312 (1961), where exercise of jurisdiction was temporarily declined to permit plaintiffs to pursue administrative relief.

2. Under some circumstances, of course, constitutional challenge to the enabling legislation may be entertained on direct review of administrative action. *See, e. g.,* Inland Steel Co. v. NLRB, 170 F.2d 247 (7th Cir. 1948), aff'd sub nom., American Communications Ass'n v. Douds, 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925 (1950). On the only issue of substantial merit here (failure to provide petitioner the benefit of a "grandfather" provision), I do not view the administrative record as adequate for us to make a decision.

that either his immediate interests or those of the community are adversely affected by the instant disposition.

I note that a case of striking similarity is Taylor v. Hayes, *supra*. There the Illinois court found that a court of general jurisdiction was properly and preferably the forum to decide this type controversy. We recognize here, as was concluded at the end of the *Taylor* opinion, that the Board lacked statutory power to issue a license or other permission to practice psychology to one not possessing the requisite academic degree. *Id.* at 312, 264 N.E.2d at 818.

I would also affirm the Board's order and for the foregoing reasons decline to go further.