## PITTS ET AL. *v.* STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS ET AL.

[No. 191, September Term, 1959.]

*Decided April 8, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Stanford H. Franklin,* for appellants.

*Robert C. Murphy, Special Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for State Board of Examiners of Psychologists, appellee.

*Joseph Sherbow,* with whom were *Sherbow & Sherbow* and *Norman Polovoy* on the brief, for Maryland Psychological Association, Inc., appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order, passed upon demurrer to a bill for declaratory decree, declaring that the Psychologists' Certification Act, chapter 748, Acts of 1957 (Code (1957), Art. 43, secs. 618-644) is valid and constitutional. After so declaring, however, the court sustained the demurrer and dismissed the bill. Since no question is raised as to the propriety of this disposition we shall pass the point. But see *Case v. Comptroller,* 219 Md. 282, 288, 149 A. 2d 6. We shall likewise assume that the appellees properly waived any contention as to the appellants' standing to sue. Cf. *Dvorine v. Castelberg Jewelry Corp.,* 170 Md. 661, 668, 185 Atl. 562. It is clear that a justiciable controversy exists, and the bill alleges that the appellants' rights and status, as resident practicing psychologists for the past ten years, were measurably affected by the enactment under attack. Cf. *Pressman v. Barnes,* 209 Md. 544, 121 A. 2d 816, *Pressman v. State Tax Commission,* 204 Md. 78, 102 A. 2d 821, and *Davis v. State,* 183 Md. 385, 37 A. 2d 880.

The attack on the constitutionality of the Act is based on somewhat novel grounds. The Act sets up a State Board of Examiners, who are empowered to adopt, and modify from time to time, a Code of Ethics; give examinations to applicants; pass upon their qualifications; issue and revoke certificates. It authorizes waivers in certain cases and contains certain exemptions. The form or substance of none of these provisions is challenged. Nor is it contended that the study and practice of psychology has not reached a point, in the progress of the art, where some public regulation is justified under the police power in the interest of the general public health, safety and welfare. It is conceded that the State could properly have passed an act to regulate and license the practice of psychology, as it has in the case of the various branches of medicine, to protect the public from unskilled and incompetent practitioners. Cf. *Davis v. State, supra; Aitchison v. State,* 204 Md. 538, 544, 105 A. 2d 495, and cases cited. The sole basis of the attack is that the present Act is a certification rather than a licensing act. The appellants complain that the Act does not prevent unskilled or incompetent persons from

continuing in practice, but merely prohibits uncertified persons, whether competent or not, from using the words "psychological", "psychologists" or "psychology" to describe the services which they offer to the public for compensation. They contended that the provision of sec. 620, that "* * * no individual shall represent himself as a psychologist within the meaning of this subtitle other than those certified registered under the provisions of this subtitle.", in the absence of definition of the term "psychologist", affords no adequate protection to the public. They contend that the restriction is therefore unreasonable and arbitrary, and in violation of the Fourteenth Amendment of the Federal Constitution and Article 23 of the Maryland Declaration of Rights, but no case in point is cited in support of these contentions.

The adequacy of the legislative scheme is for the Legislature to determine, and there is a strong presumption in favor of constitutionality. Reasonable doubt in its favor is enough to sustain it. *Magruder v. Hall of Rec'ds Comm.*, 221 Md. 1, 6, 155 A. 2d 899. Only a few years ago, psychology was an academic and abstruse subject, but in recent years it has developed into a subject having many practical applications in medical and business fields. For some of the problems posed by this development, see note 51 Col. L. Rev. 474. Perhaps its full scope and usefulness are not yet capable of exact definition. In any event, the absence of definition in the Act, which might make the Act open to objection if practice without a license or certificate had been made subject to criminal penalties, can hardly be the basis of objection on the ground of uncertainty, when the only forbidden conduct is the use of the words mentioned.

The fact that the Legislature did not go as far as it might have done, to protect the public from incompetent practitioners, cannot invalidate a less drastic regulation, if the method chosen has a substantial relation to the evil sought to be remedied. The present Act, by providing a roster of accredited practitioners, affords some protection to those who resort to it, and protects the public against representations of competence implicit in the use of the term "psychologist" by uncertified practitioners. We think these public purposes are

enough to sustain the Act, even though some members of the public may still employ uncertified persons at their own election.

The device of prohibiting the business use of specific titles or descriptions by uncertified or unlicensed persons is not an unfamiliar one, and has been repeatedly employed in other legislative enactments in Maryland. See, for example, Code (1957), Art. 43, sec. 83, dealing with "midwives", cited in *Keiningham v. Blake,* 135 Md. 320, 323, 109 Atl. 65, and sec. 515, dealing with "architects", cited in *House v. Fissell,* 188 Md. 160, 165, 51 A. 2d 669. See also sec. 294, limiting the use of the words "registered nurse", sec. 304, applying the same rule to a "licensed practical nurse", and sec. 328, as to a "registered plumber". Cf. Code (1957), Art. 75A, sec. 1, as to "certified public accountants". It has never been suggested that these statutes were invalid because some activities in the general fields described were still permitted.

Legislation similar to the Act under attack has been adopted in fifteen other states, but their constitutionality has not yet been passed upon by a court of last resort. We are informed, however, that the New York Act was approved in *National Psychological Ass'n v. University of N. Y.,* 188 N. Y. S. 2d 151 (1959), and that the case has been affirmed by the Appellate Division, though not yet reported. We think, in principle, that the Maryland Act is well within the scope of the police power, and reasonably adapted to serve a legitimate public purpose. We agree with the chancellor below that it is not unconstitutional on the grounds asserted.

*Decree affirmed, with costs.*