The central issue involved in this appeal is whether Alabama's system of classification of property for ad valorem taxation, as authorized by amendment 373 to the Alabama Constitution, violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.
The specific issue presented is whether the state can place "single-family owner-occupied residential property" in a separate classification from other types of residential property.
Taxpayers (plaintiffs-appellants), stand in various positions with regard to the ownership of real property, and by reason of that fact, their liability for ad valorem taxes as assessed and collected by various taxing authorities (defendants-appellees), is greater than other "residential" taxpayers. The taxpayers occupy the following positions:
(1) The Howells own residential rental apartment units and multi-family dwellings;
(2) The Barnetts are homeowners whose niece lives with them and does not pay rent;
(3) Mrs. Rabby is a homeowner whose niece lives with her and does pay rent;
(4) Mr. Maisel owns a duplex, occupies one-half of it, and rents the other one-half to another; *Page 910 
(5) Mr. Mitchell owns an unimproved residential lot, is temporarily away from Mobile, and intends to return to Mobile and build a home on the lot and occupy it as a residence;
(6) Mr. Lubel is a homeowner, and the owner of an unimproved, unoccupied residential lot;
(7) The Curries are tenants in Cabana apartments under a lease with a tax escalation clause;
(8) Mr. Garsey is the owner of a townhouse condominium, which he occupies as his home and which is attached together with other townhouses in a four-unit building;
(9) Mrs. Childers owns and occupies a residence in Mobile, a portion of which she rents to a couple who are not her relatives;
(10) Mrs. Adamson is a homeowner who shares her home with a roommate, who contributes to joint household expenses but does not pay rent.
The taxpayers filed a declaratory judgment action in which they claim that their property should be taxed at the same rate as "single-family owner-occupied residential property." The Circuit Court of Mobile County declared that the provisions of Amendment 373, Constitution of Alabama (1901), and Act No. 46, which amends Code 1975, § 40-8-1, violated no state or federal constitutional provisions. The court did declare that the property of the Barnetts (homeowners whose niece lives with them but does not pay rent), Mrs. Adamson (homeowner who shares her home with a roommate who contributes to joint household expenses, but who does not pay rent), and Mr. Garsey (owner of a townhouse condominium in a four-unit complex), was "single-family owner-occupied residential property," and, therefore, entitled to Class III classification; the court left the classification of the property of the other plaintiffs as Class II undisturbed.
Amendment No. 373, amending Section 217 of the Constitution of Alabama (1901), states in pertinent part:
 (a) On and after October 1, 1978, all taxable property within this state, not exempt by law, shall be divided into the following classes for the purposes of ad valorem taxation:
 Class I. All property of utilities used in the business of such utilities.
Class II. All property not otherwise classified.
 Class III. All agricultural, forest and single family owner-occupied residential property, and historic buildings and sites.
 Class IV. All private passenger automobiles and motor trucks of the type commonly known as "pickups" or "pickup trucks" owned and operated by an individual for personal or private use and not for hire, rent or compensation.
 (b) With respect to ad valorem taxes levied by the state, all taxable property shall be forever taxed at the same rate. On and after October 1, 1978, such property shall be assessed for ad valorem tax purposes according to the classes thereof as herein defined at the following ratios of assessed value to the fair and reasonable market value (except as otherwise provided in subsection (j) hereof) of such property:
Class I. 30 per centum.
Class II. 20 per centum.
Class III. 10 per centum.
Class IV. 15 per centum.
Act No. 46, which amends Code 1975, § 40-8-1, reads substantially the same as Amendment 373 insofar as the pertinent part is concerned.
Appellants make three contentions:
(1) Amendment 373 constitutes unreasonable class legislation which violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.
(2) "Residential property" comprises a natural class for purposes of taxation, the division of which is unconstitutional.
(3) Amendment 373 fails to give clearly ascertainable standards to guide the taxing authorities. *Page 911 
We will treat appellants' first two contentions, that Amendment 373 constitutes unreasonable class legislation and that "residential property" constitutes a natural class of property for purposes of taxation, as one issue.
We begin this discussion of the constitutional issue presented by stating some general principles of law which apply when the constitutionality of a tax statute is questioned. First, states are presumed to have acted within their constitutional power despite the fact that in practice their laws result in some inequality; a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. Second, the equal protection clause "imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation." Allied Stores of Ohio v. Bowers, 358 U.S. 522,79 S.Ct. 437, 3 L.Ed.2d 480 (1958). The states are subject to the requirement of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and there is a point beyond which the state cannot go without violating that clause. As the Supreme Court of the United States opined in Allied Stores of Ohio, supra:
. . . The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification "must rest upon some ground of difference having a fair and substantial relation to the object of the legislation." F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415
[40 S.Ct. 560, 561, 64 L.Ed. 989;] Louisville Gas Electric Co. v. Coleman, 277 U.S. 32, 37, [48 S.Ct. 423, 425, 72 L.Ed. 770;] AirWay Electric Appliance Corp. v. Day, 266 U.S. 71, 85, [45 S.Ct. 12, 15, 69 L.Ed. 169;] Schlesinger v. Wisconsin, 270 U.S. 230, 240, [46 S.Ct. 260, 261, 70 L.Ed. 557;] Ohio Oil Co. v. Conway, 281 U.S. 146, 160, [50 S.Ct. 310, 74 L.Ed. 775.] "If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law." Brown-Forman Co. v. Kentucky, 217 U.S. 563, 573, [30 S.Ct. 578, 580, 54 L.Ed. 883.] State Board of Tax Comm'rs v. Jackson, 283 U.S. 527, 537, [51 S.Ct. 540, 543, 75 L.Ed. 1248]. That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. American Sugar Ref. Co. v. Louisiana, 179 U.S. 89, [21 S.Ct. 43, 45 L.Ed. 102;] Stebbins v. Riley, 268 U.S. 137, 142 [, 45 S.Ct. 424, 69 L.Ed. 884.]
In order for a state taxing classification to withstand a challenge on constitutional grounds under the equal protection clause of the fourteenth amendment, there must be a "rational basis" for the possible discriminatory effect of that tax. This Court, in Gideon v. Alabama State Ethics Commission,379 So.2d 570 (Ala. 1980), citing Buckley v. Valeo, 424 U.S. 1,96 S.Ct. 612, 46 L.Ed.2d 659 (1975), defined the operation of the rational basis test:
. . . Under the rational basis test the Court asks: (a) Whether the classification furthers a proper governmental purpose, and (b) whether the classification is rationally related to that purpose.
Does the classification of residential property into different classes further a proper governmental purpose? Before we answer that question, we deem it advisable to set forth some of the principles which govern our judicial review of the taxing scheme.
The Supreme Court of the United States, in passing on the judicial function of review of legislative actions, stated:
 This restriction upon the judicial function, in passing on the constitutionality of statutes, is not artificial or irrational. A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalogue of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance *Page 912 
with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action.
Carmichael v. Southern Coal Coke Co., 301 U.S. 495, 510,57 S.Ct. 868, 872, 81 L.Ed. 1245 (1937). This Court, in Woco PepCo. of Montgomery v. City of Montgomery, 213 Ala. 452,105 So. 214 (1925), has essentially adopted the same rule:
 Much must be left to the discretion of the Legislature, for exact equality of taxation can never be reached. So long as the burden falls with equal weight upon every member of a given class, natural and artificial persons alike, it is difficult to formulate an argument that such levy violates any provision of our own, or of the federal Constitution. Neither of them requires a horizontal tax. City of Troy v. W.U.T. Co., 164 Ala. 482, 487, 51 So. 523, 27 L.R.A.(N.S.) 627.
213 Ala. at 457, 105 So. at 219.
The rule as to the relationship between tax laws and the equal protection clause might best be stated as it was in Kahnv. Shevin, 416 U.S. 351, 355, 94 S.Ct. 1734, 1737,40 L.Ed.2d 189 (1973):
 A state tax law is not arbitrary although it "discriminate[s] in favor of a certain class . . . if the discrimination is founded upon a reasonable distinction, or difference in state policy," not in conflict with the Federal Constitution. Allied Stores v. Bowers, 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480.
In the Kahn case, the Court, in a footnote to its opinion, quoted from Ferguson v. Skrupa, 372 U.S. 726, 730,83 S.Ct. 1028, 1031, 10 L.Ed.2d 93 (1963), as follows:
 We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, [which] are elected to pass laws. Ferguson v. Skrupa, 372 U.S. 726, 730, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93.
Challenges to Alabama's scheme of ad valorem taxation are not uncommon. As this Court said in Thorn v. Jefferson County,375 So.2d 780, 783-84 (1979):
The constitutional and statutory scheme for taxing property in Alabama has generated a substantial amount of concern and controversy over the past two or three decades. These disputes have been precipitated principally because of the failure of the Legislature and the taxing authorities to follow the mandates of the Constitution of 1901, which specifically provided for equality of ad valorem taxation. For example, § 211 and § 217 of the Constitution of 1901, provided, as follows:
 Sec. 211. Property taxes to be assessed in exact proportion to value of property.
 All taxes levied on property in this state shall be assessed in exact proportion to the value of such property, . . .
* * * * * *
 Sec. 217. Property of private corporations, associations and individuals to be taxed at same rate; exception as to religious, educational and charitable property.
 The property of private corporations, associations, and individuals of this state shall forever be taxed at the same rate; . . .
The appellate courts of this state have interpreted these sections of the Constitution to mean that all property must be taxed at uniform ratios for ad valorem purposes. State ofAlabama v. Alabama Power Co., 254 Ala. 327, 48 So.2d 445
(1950); Hamilton v. Adkins, 250 Ala. 557, 35 So.2d 183 (1948);State of Alabama v. Murphy, 45 Ala. App. 637, 235 So.2d 888
(1970).
In fact, this Court specifically said in the Alabama PowerCompany case, supra, that the intent manifested by § 211 and § 217 was, as follows:
. . . It can hardly be contended that after all these years of constitutional history there is a power to classify land and personal property of one taxpayer and tax it on a different basis from the land and personal property of others in the face of §§ 211 and 217. *Page 913 
Nevertheless, neither the Legislature nor the taxing authorities varied their taxing schemes. The inevitable happened in 1971, when a class action was filed in federal court, in which the plaintiffs alleged that the intentional and systematic refusal of state taxing officials to perform their duties in accordance with state law had denied them equal protection of the law under Amendment 14 to the Federal Constitution. A three-judge Federal District Court, noting that this Court had held that Alabama's own constitution had been interpreted as requiring "`uniformity and equality among all taxpayers, private corporations, associations and individuals alike,' both as to ratio and percentage of taxation and also as to rate of taxation," declared Alabama's statutory scheme violated not only the Alabama Constitution, but also the Federal Constitution as well. Weissinger v. Boswell,330 F. Supp. 615 (M.D.Ala. 1971).
Alabama's answer to Weissinger was Amendment 325 which amended Section 217 of the 1901 Constitution to change the uniformity and equality among taxpayers to provide for three classes of property and to establish three different ratios of taxation for the three separate classes. The Legislature, in turn, enacted the statute under attack now, § 40-8-1 (e).
This case involves an attack upon the State's latest attempt to classify property for ad valorem taxation-Amendment 373, which amends § 217 of the Constitution.
Unquestionably, the State, by adopting Amendment 373, attempted to establish, among other things, a classification of property. The only specific classification claimed to be unconstitutional in this case is the one which makes a distinction between "single-family owner-occupied residential property" and all other residential property. We note that Amendment 325, the predecessor of Amendment 373, classified only "residential property." One of the taxpayers' arguments here is that "residential property" comprises a natural class for purposes of taxation, the division of which is unconstitutional. We now address the constitutional issue posed in this case.
Under the classification scheme set forth in Amendment 373, real property is divided into several classes and subclasses. Under the scheme, property is taxed at a different rate depending on the use to which it is devoted. For example, all property of utilities used in the business of those utilities is taxed at three times the rate of property used for forestry or agricultural purposes. "Residential property" is classified as class III or class II property, depending on the use to which it is devoted. If the owner of the property uses it as a single-family residence, the property is taxed at 10%. If the residential property is used for a purpose other than as a single-family residence, it is taxed at the rate of 20%.
After examining the law and the judgment of the trial court, we conclude that the State has a "rational basis" for classifying real property for ad valorem taxation based upon the use to which the property is devoted. In this case, that classification, based upon use, discriminates in favor of the owners of residential property who use it as single-family residences; however, that a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. We think the policy of Amendment 373, regarding the taxation of residential property is plain-the State intended to tax owners of single-family residences at a lower rate than owners of other residential property, because residential property which is not used as a single-family residence generally is used as income-producing property. We recognize that some residential property, as the facts of this case show, would fall within the Class II category, but would not be income-producing, but we are confident that the equal protection clause imposes no "iron rule of equality." The fact that Amendment 373 discriminates in favor of owners of single-family residences does not render it arbitrary because the discrimination is founded *Page 914 
upon a reasonable distinction or difference in state policy.[1]Allied Stores, supra.
It is not for this Court to substitute its social and economic beliefs for the judgment of the legislature or the people.
The taxing scheme in question places a greater tax burden on those who are using their residential property for income-producing purposes. This is rational. The discrimination can be justified on the basis that the government is either providing more governmental services, on the one hand, or, on the other hand, is interested in relieving the tax burden on specified property owners to further some social or economic policy.
We conclude that Amendment 373, classifying residential property in separate categories, does not violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.
We now turn to the appellants' contention that Amendment 373 fails to give clearly ascertainable standards to guide the taxing authorities. Amendment 373 clearly specifies that Class III property is "all agricultural, forest and single-family owner-occupied residential property." Appellants contend the words "single-family owner-occupied residential property" is not defined with clarity and that the failure of the legislature to define these words "renders these terms to be vague and vulnerable to highly discretionary interpretation by local tax assessors of each of the counties." A taxing statute, they contend, must be complete when it leaves the legislature and must provide clearly ascertainable and well-defined standards to guide ministerial officers, such as the tax assessors. Weissinger v. Boswell, 330 F. Supp. 615 (M.D.Ala. 1971). Appellants then assert that "[t]he record of trial is replete with examples of the disparity of local interpretation of the Act and the Amendment." Tax assessors from Jefferson County and Mobile County testified at the trial and the record does show that the two tax assessors used standards which did vary to some degree; however, both assessors stated that the primary factor they used in determining whether a residence was a single-family owner-occupied residence was whether or not the owner filed for a homestead exemption. The two assessors were questioned about how they handled different types of residential property. The following comparison shows how each assessor handled each separate type of property:

 JEFFERSON MOBILE
TYPE OF PROPERTY COUNTY COUNTY
— -------------- --------- ---------
Unimproved residential lot Class II Class II
House where owner has
 moved Class III Class III
Homeplace occupied with
non-relatives Class III Class III
Duplex Class II Class II
Condominium (assuming
compliance with condominium
act) Class III Clam III
Homeplace but rents room Class III Class III

We are aware that it has been stated that in order to prevent discrimination laws should provide explicit standards and that a law which confers absolute discretion on a state official to grant or deny a right or privilege is unconstitutional. SeeTyson v. New York City Housing Authority, 369 F. Supp. 513, 520
(S.D.N.Y. 1974); Smith v. Ladner, 288 F. Supp. 66 (S.D.Miss. 1968).
This Court, however, has repeatedly held that the legislature may grant authority and discretion in the application of laws to such ministerial agents as is necessary. As was stated inWheeler v. River Falls Power Co., 215 Ala. 655, 111 So. 907
(1927):
 Legislative competency to enact laws of this character, i.e., laws "authorizing their own appointed agencies to make such minor rules and regulations as are necessary or appropriate for the administration and enforcement of the general laws of the state," has been approved and upheld by this court. Parke v. Bradley, 205 Ala. 455, 86 So. 28. *Page 915 
The rationale behind the allowance of a delegation of power was stated in Porter Coal Co. v. Davis, 231 Ala. 359,165 So. 93 (1936):
 The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the lawmaking power, and must therefore be a subject of inquiry and determination outside of the halls of legislation.
This Court in Marcet v. Board of Plumbers Examination andRegistration of Alabama, 249 Ala. 48, 29 So.2d 333 (1947), approved the vesting of discretion in administrative officials:
 And within the constitutional limitation that the legislature may not delegate its power to make law, it may vest a considerable measure of discretionary authority in the officers or agencies charged with administering its enactments. 12 C.J. § 329, pp. 844, 845, 16 C.J.S., Constitutional Law, § 138; Railroad Commission of Alabama v. Alabama Great Southern R. Co. et al., 185 Ala. 354, 64 So. 13, 13 L.R.A. 1915D, 98; State ex rel. Crumpton et al. v. Montgomery, 177 Ala. 212, 59 So. 294. This principle is also illustrated in Opp Cotton Mills v. Adm'r of Wage and Hour Div., 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624.
We hold that the constitutional amendment and the legislative act do not vest an absolute discretion in the tax assessors to determine what constitutes "single-family owner-occupied residential property" but vests in them an interpretative discretion. The two tax assessors who testified stated that they used the filing of a homestead exemption as a criterion for determining whether to classify residential property as Class III or Class II. The assessors were asked how they would classify a resort or recreational home which would not qualify for a homestead exemption because the owner had already claimed his homestead exemption on his permanent residence. Each stated that the resort or recreational house would be classified as Class III if the owner of the property identified it to the assessor as being for personal use only, that is, it was not used in order to produce income. We uphold the finding of the trial judge that the taxpayers failed to show that Amendment 373 was unconstitutional because it failed to give clearly ascertainable standards to guide the taxing authorities.
While we hold that the taxpayers here have failed to show that the interpretation placed by the tax assessors on the words "single-family owner-occupied residential property" has caused them to be discriminated against, we do not hold that other taxpayers, in another setting, might not be able to show such a disparity between interpretations by tax assessors as to constitute a discrimination forbidden by law. The legislature might be advised to define specifically the term "single-family owner-occupied residential property" so that unanimity and uniformity would prevail throughout the state.
Having examined each of the contentions raised by the appellants, we hold that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] While not a factor in our decision, we note that on March 11, 1980, the people of the State of Alabama rejected a proposed constitutional amendment which would have amended subsection (a) of Section 217, Constitution of Alabama of 1901, as amended by Constitutional Amendments No. 325 and 373, so that "Class III" property would include all residential property except licensed hotels and motels. See 1979 Ala. Acts 975, Act No. 79-541. *Page 916