## SUPERVISOR OF ASSESSMENTS OF HARFORD COUNTY v. LOUIS J. OTREMBA

[No. 335, September Term, 1981.]

*Decided February 3, 1982.*

The cause was argued before GILBERT, C. J., and MASON and WEANT, JJ.

*Peter W. Taliaferro, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

No brief or appearance by appellee.

WEANT, J., delivered the opinion of the Court.

Justice Sutherland once said "[t]he legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted."[1] This case demonstrates one taxpayer's unsuccessful effort to take advantage of this right and to achieve a reduction in his Harford County real property taxes.

Louis J. Otremba, appellant, was the owner of a single family dwelling at 403 Dunfield Court in Joppatown, Maryland. During the period in question, the property was not occupied by the owner but was inhabited by Mr. Otremba's daughter and son-in-law; for that privilege they kept up the property and made the mortgage payments. During the course of his endeavor to lighten his tax load the taxpayer became acquainted with the homestead[2] exemption which was available to a single-family or two-family owner-occupied residential dwelling; this amounted to a 5 percent decrease in assessment. Unfortunately, he was also made aware of the unhappy fact that his property was not qualified for this preferential treatment in that it was not owner-occupied.

Feeling discriminated against by this ruling of the Supervisor of Assessments of Harford County and by the Maryland Tax Court, Mr. Otremba appealed to the Circuit Court for Harford County. There he found a more sympathetic ear in the trial judge who declared Md. Ann. Code art. 81, § 14 (b) (1) (iii), which was enacted by Chapter 175 of the 1978 Laws of Maryland, to be unconstitutional.

It is from this ruling that the Supervisor of Assessments of Harford County has appealed, the only issue being the constitutionality of the statute in question which reads: "There is a special allowance equal to 5 percent of the current value of the homestead property in recognition of the unprecedented increase in the value of homestead property due to inflation."

---

1. Gregory v. Helvering, 293 U.S. 465, 469 (1935).
2. Md. Ann. Code art. 81, § 14A(a) (1957, 1980 Repl. Vol.).

In finding in favor of Mr. Otremba the Circuit Court for Harford County found that § 14 (b) (1) (iii) violated the uniform provisions of Article 15 of the Declaration of Rights of the Maryland Constitution which reads as follows:

> That the levying of taxes by the poll is grievous and oppressive and ought to be prohibited; that paupers ought not to be assessed for the support of the government; that the General Assembly shall, by uniform rules, provide for the separate assessment, classification and sub-classification of land, improvements on land and personal property, as it may deem proper; and all taxes thereafter provided to be levied by the State for the support of the general State Government, and by the Counties and by the City of Baltimore for their respective purposes, shall be uniform within each class or sub-class of land, improvements on land and personal property which the respective taxing powers may have directed to be subjected to the tax levy; yet fines, duties or taxes may properly and justly be imposed, or laid with a political view for the good government and benefit of the community.

However, his constitutional attack on § 14 (b) (1) (iii) seems to be that there was no rational basis for the requirement that the property be owner-occupied and that this distinction was therefore an equal protection violation. Whether the court's decision was based on the uniformity requirement of Article 15 of the Maryland Declaration of Rights or on an equal protection basis, we think the court erred.

We consider first the trial court's finding that the homestead provision somehow violates the uniformity provision of Article 15. However, this uniformity requirement pertains to taxation within a sub-classification and we are directed to no such violation in this case. This new sub-classification is simply defined as being a single-family or two-family owner-occupied residential dwelling. As homestead property it is provided a special allowance. This

allowance of 5 percent applies to all property qualifying for the new sub-classification. In our view it satisfies the uniform tax treatment mandated by Article 15 in that the assessment of each homestead, both state and local, within each tax district, will bear the same relationship to the market value.

On the other hand, if the court's constitutional attack on Section 14 (b) (1) (iii) is, as it seems to be, based on the assertion that there is no rational basis for the requirement that the property be owner-occupied and is therefore unlawful, it has raised an equal protection problem under the Fourteenth Amendment to the United States Constitution and Article 24 (formerly Article 23) of the Maryland Declaration of Rights. Hence the validity of the sub-classification is questioned.

In a case strikingly similar to the matter at hand, *Howell v. Malone,* 388 So. 2d 908 (1980), the Supreme Court of Alabama applied the equal protection standard of the Fourteenth Amendment of the Constitution of the United States to a statute similar to Maryland's; both states have laws which provide for special tax consideration of "single-family owner-occupied residential property." The Alabama court concluded that there was no unconstitutionality in the statute creating a distinction between single-family owner-occupied residential property and all other residential property for *ad valorem* taxation purposes. In so doing the Alabama court borrowed from the case of *Allied Stores of Ohio v. Bowers,* 358 U.S. 522 (1959), by quoting the United States Supreme Court, when it said, in speaking of the equal protection clause, that it "imposes no iron rule on equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes to state taxation." At page 911 of *Howell v. Malone, supra,* the Alabama court stated: "In order for a state taxing classification to withstand a challenge on constitutional grounds under the equal protection clause of the fourteenth amendment, there must be a 'rational basis' for the possible discriminatory effect of that tax." The court found that the taxing scheme of Alabama which placed a greater tax

burden on those using their residential property for income producing purposes could be justified on the "rational" basis that "the government is either providing more governmental services, on the one hand, or, on the other, is interested in relieving the tax burden on specified property owners to further some social or economic policy." *Id.* at 914.

The Court of Appeals of Maryland in *National Can Corporation v. State Tax Commission,* 220 Md. 418, 153 A.2d 287 (1959), *appeal dismissed,* 361 U.S. 534 (1960), also relied extensively on *Allied Stores, supra,* including the statement "[t]hat a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy." 220 Md. at 434, 153 A.2d at 297. The Maryland court also said at page 432 of *National Can, supra,* 153 A.2d at 295, that "[i]t is not incumbent upon the Legislature to state its reasons, motives or policies for adopting a tax classification . . . insofar as the Equal Protection Clause is concerned; but if it does so, State action may be tested solely on the basis of the purpose declared." And in the same case we find this comment at page 435, 153 A.2d 297:

> In the present case we think, as we have indicated above, that a state of facts can reasonably be conceived which would support the classification, and we, therefore, find no violation of either Article 15 of the Maryland Declaration of Rights or of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

In our case § 14 (b) (1) (iii) gave us the lawmaker's rationale as being "in recognition of the unprecedented increase in the value of homestead property due to inflation." Contemplation of the economic policy posed by the legislature's declaration concerning inflation leads us to a "reasonable distinction" or "rational basis" for the law. The blow of inflation on homestead property cannot be softened through an increase of rents or profits as can other property;

hence the legislative body has proposed aid to this class through a 5 percent decrease in assessment to help to provide a place to live for the owner and his family. The record is completely devoid of any indication that the stated basis for this special allowance is not reasonable. In fact, *National Can, supra,* seems to have had little trouble in holding that an allowance for inflation may be applied as between different classifications.

Finally, we call attention to the case of *Pitts v. State Board of Examiners,* 222 Md. 224, 160 A.2d 200 (1960). There in the consideration of the constitutionality of an act of the general assembly under the fourteenth amendment and the Maryland Declaration of Rights, the Court had this to say: "The adequacy of the legislative scheme is for the Legislature to determine, and there is a strong presumption in favor of constitutionality. Reasonable doubt in its favor is enough to sustain it." *Id.* at 227, 160 A.2d at 201. In our case we think that there is more than reasonable doubt in favor of the constitutionality of the statute in question.

Consequently, we hold that Article 81, Section 14 (b) (1) (iii) withstands both the uniformity attack and the equal protection assault and is therefore constitutional.

> *Reversed and remanded with instructions to the Circuit Court for Harford County to affirm the decree of the Maryland Tax Court in this matter.*
>
> *Costs to be paid by the appellee.*