BARR *v.* MATTEO et al.

No. 409.   Decided December 9, 1957.

*Solicitor General Rankin, Assistant Attorney General Doub, Paul A. Sweeney* and *Bernard Cedarbaum* for petitioner.

Per Curiam.

The petition for certiorari is granted.   The petition presents this question: "Whether the absolute immunity from defamation suits accorded officials of the Government with respect to acts done within the scope of their official authority, extends to statements to the press by high policy-making officers, below cabinet or comparable rank, concerning matters committed by law to their control or supervision."

In the District Court and the Court of Appeals the litigation was not so confined.   By his motion for a directed verdict and requested instructions petitioner also presented to the District Court the defense of qualified privilege.   On appeal to the Court of Appeals petitioner, in his brief, raised only the question of absolute immunity, but on reconsideration he urged the court also

to pass on the defense of qualified privilege. This that court refused to do on the ground that petitioner, because of the position he had initially taken on the appeal, had waived the defense. In so holding, the court relied on its Rule 17 (c)(7), requiring an appellant to set forth in his brief a statement of the points on which he intends to rely, and Rule 17 (i), which provides that "Points not presented according to the rules of the court, will be disregarded, though the court, at its option, may notice and pass upon a plain error not pointed out or relied upon." 244 F. 2d 767.

The scope of the litigation in the Court of Appeals cannot lessen this Court's duty to confine itself to the proper exercise of its jurisdiction and the appropriate scope of judicial review. Thus, an advisory opinion cannot be extracted from a federal court by agreement of the parties, see *Swift & Co.* v. *Hocking Valley R. Co.,* 243 U. S. 281, 289, and no matter how much they may favor the settlement of an important question of constitutional law, broad considerations of the appropriate exercise of judicial power prevent such determinations unless actually compelled by the litigation before the Court. *United States* v. *C. I. O.,* 335 U. S. 106, 110. Likewise, "Courts should avoid passing on questions of public law even short of constitutionality that are not immediately pressing. Many of the same reasons are present which impel them to abstain from adjudicating constitutional claims against a statute before it effectively and presently impinges on such claims." *Eccles* v. *Peoples Bank,* 333 U. S. 426, 432. Especially in a case involving on the one hand protection of the reputation of individuals, and on the other the interest of the public in the fullest freedom of officials to make disclosures on matters within the scope of their public duties, this Court should avoid rendering a decision beyond the obvious requirements of the record. In the present case a ground

far narrower than that on which the Court of Appeals rested its decision, the defense of qualified privilege, was consistently pressed in the District Court and in fact urged in the Court of Appeals itself. In these circumstances we think that the broad requirements of judicial power and its proper exercise should lead to consideration of the defense of qualified privilege.

To that end, the judgment of the Court of Appeals is vacated, and the case remanded to that Court with directions to pass upon petitioner's claim of a qualified privilege.

MR. JUSTICE BLACK, with whom THE CHIEF JUSTICE joins, agrees with the disposition of this case as expressed in the last paragraph.

MR. JUSTICE BRENNAN would grant the petition and consider the question presented.

MR. JUSTICE DOUGLAS, dissenting.

The Court of Appeals ruled that the question of the defense of qualified privilege on which we vacate and remand had been "waived" by petitioner and therefore should not be considered by the Court of Appeals under its Rules. That question therefore is not here for us nor should it be reached by the Court of Appeals. I cannot say that the Court of Appeals misconstrued its own Rules* or committed palpable error in refusing to consider

---

*"A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely." Rule 17 (c)(7).

"Points not presented according to the rules of the court, will be disregarded, though the court, at its option, may notice and pass upon a plain error not pointed out or relied upon." Rule 17 (i).

174

the question or unceremoniously and improperly reached for a constitutional question which it should have sought to avoid. Under these circumstances it is an unwarranted exercise of our supervisory powers to require that the question be considered by the Court of Appeals. Instead, we should exercise our discretion by denying certiorari.