William G. BARR, Appellant,

v.

Linda A. MATTEO, Appellee.

William G. BARR, Appellant,

v.

John J. MADIGAN, Appellee.

Nos. 13217, 13218.

United States Court of Appeals
District of Columbia Circuit.

Argued May 6, 1958.

Decided June 12, 1958.

Mr. Paul A. Sweeney, Atty., Dept. of Justice, with whom Asst. Atty. Gen., George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Joseph Langbart, Atty., Dept. of Justice, were on the brief, for appellant.

Mr. Byron N. Scott, Washington, D. C., with whom Mr. Richard A. Mehler, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, Chief Judge, and FAHY and DANAHER, Circuit Judges.

PER CURIAM.

The case is before us a second time. In our earlier decision, Barr v. Matteo, 100 U.S.App.D.C. 319, 244 F.2d 767, where the facts are set forth more fully, we held that appellant, defendant in the District Court, could not successfully defend the libel suit of appellees, plaintiffs, on the basis of an absolute privilege. For reasons stated by the majority we did not pass upon the District Court's rejection of appellant's claim of a qualified privilege. The Supreme Court granted certiorari and remanded the case to us "with directions to pass upon petitioner's claim of a qualified privilege."

Barr v. Matteo, 355 U.S. 171, 173, 78 S.Ct. 204, 2 L.Ed.2d 179. On this remand the case has been briefed and argued again.

A qualified privilege exists "when a communication relates to a matter of interest to one or both of the parties to the communication and when the means of publication adopted are reasonably adapted to the protection of that interest." Blake v. Trainer, 79 U.S. App.D.C. 360, 362, 148 F.2d 10, 12. We now hold that appellant had a qualified privilege as Acting Director of the Office of Rent Stabilization to publish a defense of his conduct and that of his organization.

Several questions remain. One is whether appellant stayed within his qualified privilege or lost it by excessiveness of publication of the press release in suit. As to this we think that in view of the widespread public nature of the criticism of the Agency the scope of dissemination of the press release was not excessive. Another question is whether the qualified privilege which otherwise existed did not apply because the press release was aimed at appellees rather than at the source of the criticism of the Agency, which was in the Congress of the United States. We think that appellees were so connected with the subject matter of the press release that reference to them did not destroy the privilege. This situation is different from those cited by appellees where the defendants seem to have gone out of their way to libel the plaintiffs.[1] See Etchison v. Pergerson, 88 Ga. 620, 15 S.E. 680.

This brings us to the questions whether appellant lost the privilege (1) by reason of malice or (2) lack of reasonable ground to believe that the content of his publication was true; or both. These are jury questions, as to which we hold there was sufficient evidence to go to the jury. Since they were not submitted to the jury our reversal will be accompanied by a remand for further proceedings not inconsistent with this opinion.

It is so ordered.

---

1. Merchants' Ins. Co. v. Buckner, 98 F. 222, 232, (6 Cir.); Williams v. McManus, 38 La.Ann. 161, 58 Am.Rep. 171.