**In re PAGO PAGO AIRCRASH OF JANUARY 30, 1974.**

**MDL Docket No. 176.**
**No. CV–74–424–PH (Giles).**

United States District Court,
C. D. California.

Sept. 3, 1976.

Belli, Ashe & Choulos, by Robert B. Ingram, San Francisco, Cal., Butler, Jefferson & Fry, by James G. Butler, James M. Jefferson, Jr., Michael A. K. Dan, Los Angeles, Cal., Christensen, Gardiner, Jensen & Evans, by Ray R. Christensen, Salt Lake City,

Utah, Paul F. Cronin, Honolulu, Hawaii, Law Offices of Floyd A. Demanes, by Floyd A. Demanes, Burlingame, Cal., Ferguson, Ferguson & Newburn, by John L. Newburn, La Jolla, Cal., Graham, McCord, Dunn, Moen, Johnston & Rosenquist, by Ben J. Gantt, Jr., Seattle, Wash., John J. Kennelly, Chicago, Ill., Kreindler & Kreindler, by Lee S. Kreindler, New York City, Krutch, Lindell, Donnelly, Demcy, Lageschulte & Judkins by Richard F. Krutch, Vernon T. Judkins, Seattle, Wash., Bernal L. Lewis, Woodside, Cal., Magana & Cathcart, by Daniel C. Cathcart, James J. McCarthy, Los Angeles, Cal., Morgan, Wenzel & McNicholas by Wm. Marshall Morgan, Los Angeles, Cal., Simons & Schlesinger, by Sheldon J. Schlesinger, Hollywood, Fla., Stolhandske, Simmons & Stolhandske, by Tom Stolhandske, San Antonio, Tex., Walkup, Downing & Sterns, by Gerald G. Sterns, Thomas G. Smith, San Francisco, Cal., for plaintiffs.

O'Melveny & Myers, by Everett B. Clary, B. Boyd Hight, Jr., Mark Wood, Los Angeles, Cal., for the Boeing Co.

Law Offices of William G. Tucker, by William G. Tucker, Philip L. Johnson, Richard A. Vachon, Los Angeles, Cal., for Pan American World Airways, Inc.

Groezinger, Vonk, Hershenson & Bjornsen, by Louis L. Fayne, Los Angeles, Cal., for State Compensation Ins. Fund.

O. K. Nielsen, Salem, Or., for State Accident Ins. Fund.

Mark A. Dombroff, Department of Justice, Civ. Div., Aviation Unit, Tort Claims Section, Washington, D. C., for the United States.

Thomas E. Tager, Federal Aviation Administration, Washington, D. C., for plaintiffs in intervention.

Hanna, Brophy, MacLean, McAleer & Jensen, by Michael G. Lowe, San Francisco, Cal., for Travelers Ins. Co.

Hagenbaugh & Murphy, by Everett S. Hinchcliffe, Los Angeles, Cal., for Ins. Co. of North America.

MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION TO STRIKE PARAGRAPH 15 OF DEFENDANT'S ANSWER RAISING WARSAW LIMITATION OF LIABILITY AND ORDER THEREON

PEIRSON M. HALL, Senior District Judge.

The motions under immediate consideration in this case arise in 123 pending cases, involving 78 decedents and 4 personal injuries, occurring in the air crash of a Pan American plane on American Samoa on January 30, 1974. Most of the cases were filed in this court; and those, together with others, were transferred to this court by the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407. All have been consolidated on the question of liability.

The plaintiffs have filed a motion to strike paragraph 15 of defendant Pan American World Airways' answer raising as a third defense the assertion that the plaintiffs are subject to the provisions of the Warsaw Convention and the so-called Montreal Agreement limiting liability. The plaintiffs, in response thereto, raised the question of the constitutionality of the Warsaw Convention.[1]

The first thing to determine is whether or not there is a "threshold" question in this case.

All of the individual complaints filed in this matter have substantially the same allegation, to the effect that the damages or personal injury, as the case may be, in each

---

1. In anticipation of the fact that this question would be raised in this case (it has heretofore been raised in several other cases which this Court has handled, but the necessity for a decision was never reached in them), the Court has gathered a great deal of material on the background of the Warsaw Convention. In each of the previous cases wherein the constitutionality of the Warsaw Convention was raised before this Court, the Court was enabled, by reason of the interpretation of the Convention or other causes, to avoid reaching the question of the constitutionality. In each of them the cases were either settled, many of them in excess of Warsaw or Montreal limitations, or a decision reached on a threshold question which eliminated the necessity of passing on the constitutionality of the Warsaw Convention.

was caused by the defendant's wilful misconduct, or as stated in Article 25 of the Warsaw Convention:

"(1) The carrier shall not be entitled to avail himself of the provisions of this Convention which exclude or limit his liability if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the Court to which the case is submitted, is considered to be equivalent to wilful misconduct.

"(2) Similarly the carrier shall not be entitled to avail himself of the said provisions if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment."

Thus, if there was wilful misconduct on the part of the carrier or "any agent acting within the scope of his employment," the carrier is precluded from limiting his liability to the amount set forth in the Warsaw Convention or the Montreal Agreement.[2]

In *Rosenberg v. Fleuti*, 374 U.S. 449 (1963) at 451, 83 S.Ct. 1804, at 1806, 10 L.Ed.2d 1000, the Court stated that "in accordance with the long-established principle . . . 'we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable,' *Spector Motor Service, Inc., v. McLaughlin*, 323 U.S. 101, 105 [65 S.Ct. 152, 154, 89 L.Ed. 101]; . . . *Alma Motor Co. v. Timken-Detroit Axle Co.*, 329 U.S. 129 [67 S.Ct. 231, 91 L.Ed. 128]; *Neese v. Southern R. Co.*, 350 U.S. 77 [76 S.Ct. 131, 100 L.Ed. 60]; *Mackey v. Mendoza-Martinez*, 362 U.S. 384, 80 S.Ct. 785, 4 L.Ed.2d 812."

To the same effect is *United States v. Gradwell*, 243 U.S. 476 (1917) at 487, 37 S.Ct. 407, 61 L.Ed. 857; *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288 (1936) at 341, 56 S.Ct. 466, 80 L.Ed. 688; and *Barr v. Matteo*, 355 U.S. 171, 78 S.Ct. 204, 2 L.Ed.2d 179 (1957), wherein the Court at 172, 78 S.Ct. at 205 stated that "no matter how much they [the parties] may favor the settlement of an important question of constitutional law, broad considerations of the appropriate exercise of judicial power prevent such determinations unless actually compelled by the litigation before the Court."

In this case, there is an insurmountable threshold question of fact to be determined by the trier of the fact, i. e., the jury, or the Court if a jury is waived, as to whether or not there was *"wilful misconduct"* on the part of the defendant as one of the proximate causes of said crash which would exclude the carrier, defendant Pan American, from taking advantage of the limitations of liability of the Warsaw Convention or the Montreal Agreement.

There can be no doubt that the determination of whether or not any one is guilty of *"wilful misconduct"* is a fact question and can only be decided by the trier of fact. Thus, the appropriate procedure in this case is to permit the evidence to go in, to give an instruction to the jury on the question of what amounts to wilful misconduct, and let the jury make a separate determination, by a separate verdict, as to whether or not there was wilful misconduct by the defendant or by any agent of the carrier acting within the scope of his employment (Article 25, Warsaw Convention, quoted above).

Hence, it is not only unnecessary, but it would be highly improper, for this Court to decide the constitutionality of the Warsaw Convention at any time before the determination of fact by a jury as to whether or not the conduct of the defendant or its agents was wilful misconduct. "Misconduct" is a fact question, and so is "wilfulness."

If the jury returns a verdict that the defendant or its agents were guilty of wilful misconduct, then that will end the question and the limitations of Warsaw or Montreal will not apply. If, on the other hand, the jury's verdict is that the defendant or its agents were not guilty of wilful

---

2. The Montreal Agreement is *not a treaty* but is only a unilateral agreement among private carriers to which no passenger subscribed.

misconduct, then will be time enough for the Court to consider the constitutionality of the Warsaw Convention as it can be raised by a motion for judgment *non obstante veredicto.* For the foregoing reasons,

IT IS HEREBY ORDERED that the motion of the plaintiff to strike portions of the defendant's answer raising the liability limitations of Warsaw is denied without prejudice to the right of plaintiffs to raise the question of the constitutionality of the Warsaw Convention and the Montreal Agreement if the jury holds there was no wilful misconduct on the part of defendant or its agents.