**In re HIJACKING OF PAN AM WORLD AIRWAYS, INC. AIRCRAFT AT KARACHI INTERNATIONAL AIRPORT, PAKISTAN ON SEPTEMBER 5, 1986.**

No. MDL 724 (JES).

United States District Court,
S.D. New York.

June 5, 1989.

See also 698 F.Supp. 479.

_____

Kreindler & Kreindler (Marc S. Moller, of counsel), New York City, Magna, Cathcart, McCarthy & Pierry (Daniel Cathcart, of counsel), and Morgan, Wenzel & McNicholas (William Marshall Morgan, of counsel), Los Angeles, Cal., for plaintiffs' Steering Committee.

Windels, Marx, Davies & Ives (James M. Shaughnessy, of counsel), New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

This multi-district litigation arises out of the events surrounding the hijacking of Pan Am Flight 73 in Karachi, Pakistan on September 5, 1986. Plaintiffs have alleged, _inter alia_, that defendant Pan Am World Airways engaged in wilful misconduct connected to the hijacking by fraudulently inducing plaintiffs to fly on Pan Am with promises of heightened security, and by wilfully failing to provide the passengers of Flight 73 with adequate security.

Defendant Pan Am World Airways has moved for partial summary judgment on the issue of whether they have engaged in wilful misconduct as that term is defined in the Warsaw Convention.[1]

## DISCUSSION

Summary judgment may not be granted unless it is clear that there is no genuine dispute over any material issue of fact. _See Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, since an allegation of wilful misconduct involves the state of mind of the defendant, that issue should normally be resolved by the trier of fact. _See Berner v. British Commonwealth Pacific Airlines, Ltd._, 346 F.2d 532, 535–36 (2d Cir.1965); _In re Pago Pago Aircrash of January 30, 1974_, 419 F.Supp. 1158, 1160 (C.D.Cal.1976).

Here, the parties hotly dispute the extent to which defendant deliberately refrained from providing adequate security at Karachi International Airport on September 5, 1986. Although defendant contends that the amount of security provided was solely within the discretion of the Pakistani government, plaintiffs contend, _inter alia,_

1. _See_ Convention for Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, adhered to by the United States, June 27, 1934, 49 Stat. 3000, _reprinted in_ 49 U.S.C.A. App. § 1502 note (West 1976). Article 25(1) prevents the air carrier from utilizing the convention's liability limitations where the carrier has engaged in "wilful misconduct".

that defendant could have hired additional armed security guards and that it, and other airlines, had done so in the past. Each side has presented affidavit testimony to support its version of the facts. *Compare* Affidavits of Dilip Joshi, Anthony N. Potter, and James Sampair *with* Affidavits of Viraf R. Diroga and Denis Phipps.

These affidavits raise a genuine material issue of fact with respect to the defendant's alleged wilful misconduct. Wilful misconduct under the Warsaw Convention has been defined as either intentional performance of an act (or the omission to perform an act) with knowledge that the act or omission will probably result in injury, or the intentional performance of an act, or an omission, in such a manner as to imply reckless disregard of the probable consequences. *See Republic National Bank of New York v. Eastern Airlines,* 815 F.2d 232, 238–39 (2d Cir.1987).

This Court cannot say as a matter of law that defendant's failure to provide additional security, if it could have done so, does not rise to the level of reckless disregard for the probable consequences of its omission sufficient to constitute wilful misconduct. This is particularly so where, as here, a rational jury could conclude that immediately preceding the hijacking, defendant engaged in a campaign to advertise its heightened security program in an effort to induce passengers to travel in the face of safety fears arising out of terrorist activity. It follows that defendant's motion for partial summary judgment must be denied.

It is SO ORDERED.