In the Matter of Francis I. McCARTNEY and Beverly E. McCartney, Debtors.

No. 05–58001 RFH.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Jan. 12, 2006.

John K. James, Warner Robins, GA, for John K. James.

Elizabeth A. Hardy, Macon, GA, John Lucian, Tallahassee, FL, for Felicia S. Turner, United States Trustee for Region 21.

---

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Chief Judge.

John K. James, Movant, filed on October 31, 2005, a Motion To Determine Attorney Status. Felicia S. Turner, United States Trustee for Region 21, Respondent, filed a response on November 30, 2005. A hearing on Movant's motion was held on December 19, 2005. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Francis I. McCartney and Beverly E. McCartney, Debtors, filed pro se a joint petition under Chapter 7 of the Bankruptcy Code on October 17, 2005. Debtors subsequently employed Movant as their bankruptcy counsel.

Movant filed on October 31, 2005, a Motion To Determine Attorney Status.[1] Movant asks the Court to determine that attorneys who practice before this Court are not "debt relief agencies" under section 101(12A) of the Bankruptcy Code.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective, in relevant part, on October 17, 2005. Debtors' bankruptcy case was filed on October 17, 2005, and is governed by BAPCPA.

BAPCPA provides that a "debt relief agency" has certain obligations and duties when "providing bankruptcy assistance to an assisted person." 11 U.S.C.A. §§ 526, 527, 528. For example, a debt relief agency must, in an advertisement directed to the general public, disclose clearly and conspicuously that the assistance provided may involve filing for bankruptcy relief. 11 U.S.C.A. 528(b)(2). A debt relief agency that fails to comply with the requirements of sections 526, 527 and 528 is subject to certain adverse actions. 11 U.S.C.A. § 526(c). The court, the United States trustee, the debtor, or the "chief law enforcement officer of a State" may bring an action against a debt relief agency for an alleged violation.[2] 11 U.S.C.A. § 526(c)(3), (5).

Debt relief agency is defined in section 101(12A) in part as follows:

(12A) The term "debt relief agency" means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110, but does not include—

(A) any person who is an officer, director, employee, or agent of a person who provides such assistance or of the bankruptcy petition preparer;

. . .

---

1. Movant did not serve his motion upon the duly appointed Chapter 7 trustee of Debtors' Chapter 7 bankruptcy estates. Movant did serve the standing Chapter 13 trustee for the Macon Division of the Court.

2. Movant's motion was not served upon the debtor or "the chief law enforcement officer" of Georgia.

(C) a creditor of such assisted person, to the extent that the creditor is assisting such assisted person to restructure any debt owed by such assisted person to the creditor;

. . .

11 U.S.C.A. § 101(12A)(A),(C)

"The term 'person' includes individual, partnership, and corporation, . . . ." 11 U.S.C.A. § 101(41).

Movant does not dispute that he is an individual who is providing bankruptcy assistance to an assisted person in return for compensation.

■ Movant asks the Court to determine that attorneys who practice before this Court are not debt relief agencies. Movant asserts three grounds: (1) the debt relief agency provisions of BAPCPA, as applied to attorneys who practice before this Court, violate the First Amendment of the United States Constitution; (2) the statutory structure of BAPCPA indicates that an attorney is not a debt relief agency; and (3) the legislative history[3] indicates that Congress did not intend the term debt relief agency to include an attorney.[4]

■ The Court must first determine whether it has jurisdiction to decide Movant's motion. Movant bears the burden of demonstrating that his motion involves a "case or controversy." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir.2003).

In *Arizonans For Official English v. Arizona*,[5] the United States Supreme Court stated:

Article III, § 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies." Standing to sue or defend is an aspect of the case-or-controversy requirement. To qualify as a party with standing to litigate, a person must show, first and foremost, "an invasion of a legally protected interest" that is "concrete and particularized" and " 'actual or imminent.' "

520 U.S. at 64, 117 S.Ct. 1055.

■ "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983).

In *O'Shea v. Littleton*,[6] the Supreme Court stated:

Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' . . . Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. The injury or threat of injury must be both 'real and

---

**3.** *See* H.R.Rep. No. 109–31(I), at 44 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 116 ("S. 256 would impose private-sector mandates on bankruptcy attorneys, creditors, preparers of bankruptcy petitions, debt-relief agencies, consumer reporting agencies, and credit and charge-card companies.")

**4.** " 'To the extent that legislative history may be considered, it is the official committee reports that provide the authoritative expression of legislative intent,' not the 'stray comments by individual legislators' on the floors of the House and Senate. Statements by opponents of a bill shed little light on the intent of Congress in passing legislation." *In re Walton*, 866 F.2d 981, 983 (8th Cir.1989).

**5.** 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

**6.** 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

immediate,' not 'conjectural' or 'hypothetical.'

414 U.S. at 494, 94 S.Ct. 669.

In *Preiser v. Newkirk*,[7] the Supreme Court stated:

The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. [A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." The rule in federal cases is that an actual controversy must be extant in all stages of review, not merely at the time the complaint is filed.

422 U.S. at 401, 95 S.Ct. 2330.

In *Aldridge v. United States*,[8] the United States Court of Federal Claims stated:

A fundamental jurisdictional consideration for any federal court, including Article I courts, is whether the plaintiff has constitutional standing. *Glass v. United States*, 258 F.3d 1349, 1355–56 (Fed.Cir.2001); *Sterling Savings v. United States*, 57 Fed.Cl. 234, 236 (2003). The inquiry is a reflection of the concern that there be an actual "case or controversy" before the court. *See Arizonans For Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). The litigant must show, "first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.' " *Id.* (quoting *Lujan v. De-*

*fenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In the absence of standing the court has no jurisdiction to decide the merits of a claim. *See Arizonans For Official English*, 520 U.S. at 67, 117 S.Ct. 1055, 137 L.Ed.2d 170.

Three elements must be present for a plaintiff to satisfy the "case or controversy" requirement of constitutional standing. First, the plaintiff must demonstrate "actual injury." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Second, the plaintiff must establish a casual link between the injury and the challenged conduct. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130, 119 L.Ed.2d 351. Third, it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

59 Fed.Cl. at 388–89.

In the case at bar, Respondent did not argue that Movant failed to satisfy the "case or controversy" requirement. In *Barr v. Matteo*[9] the Supreme Court stated:

Thus, an advisory opinion cannot be extracted from a federal court by agreement of the parties, and no matter how much they may favor the settlement of an important question of constitutional law, broad considerations of the appropriate exercise of judicial power prevent such determinations unless actually compelled by the litigation before the Court.

355 U.S. at 172, 78 S.Ct. 204.

*See also Kremens v. Bartley*, 431 U.S. 119, 136, 97 S.Ct. 1709, 1719, 52 L.Ed.2d 184 (1977) (fact that it would be convenient for the parties and public to have prompt

---

**7.** 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)

**8.** 59 Fed.Cl. 387 (2004).

**9.** 355 U.S. 171, 78 S:Ct. 204, 2 L.Ed.2d 179 (1957).

decision does not justify departure from case or controversy requirement).

In the case at bar, no party has threatened to enforce against Movant the debt relief agency provisions of BAPCPA. Movant has not sustained any real, actual, or direct harm or injury. Movant has not shown that he is in danger of sustaining any immediately impending harm or injury.

The Court can only conclude that Movant has failed to satisfy the case or controversy requirement. The Court is persuaded that Movant's motion must be dismissed.

An order in accordance with this memorandum opinion shall be entered this date.