**In re Anthony R. IRONS, Debtor(s).**

**No. 07–37182.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 19, 2007.

---

Roger Harmon Broach, Attorney at Law, Houston, TX, for Debtor.

### ORDER DENYING MOTION TO VACATE DISMISSAL AND SETTING § 526 HEARING WITH RESPECT TO ROGER BROACH

This case was automatically dismissed pursuant to 11 U.S.C. § 521 of the Bankruptcy Code after the debtor failed to file certain documents within the time required by the statute. Mr. Irons seeks to have the dismissal vacated, alleging that the failure to file the required documents was his counsel's fault.

Mr. Irons cites no authority that allows the Court discretion to vacate a statutory dismissal. However, even if the Court has such authority, the Court declines to do so. The deficiencies in Mr. Irons' compliance with the requirements of the Bankruptcy Code are substantial. The Court cannot overlook the prejudice to other parties in interest and to the administration of justice, if the dismissal of this case were to be vacated.

The vast majority of chapter 13 debtors' counsel do outstanding legal work. Those counsel undertake difficult cases. They represent individuals in chapter 13 cases with diligence, competence, and compassion. There is often substantial risk that their work will not be fully compensated. A Debtor's counsel's burden is increased by the fact that often the professional relationship is limited to a single engagement. Counsel must prepare complex and exhaustive pleadings quickly, without the luxury of pre-filing familiarity with the client and his affairs. Exigent circumstances often preclude an extended review of the information provided by the client. In such circumstances, honest and occasional errors can be expected. The Court will not criticize counsel for such errors.

However, the Court is concerned that counsel may have practiced law at a level of competence and diligence that is far below the professional standard followed by members of the chapter 13 bar in Houston, Texas. If the deficiencies in this case are indeed counsel's fault, as Debtor alleges, then counsel's conduct may exceed the limits of excusable negligence. When such egregious behavior is alleged, the Court has a statutory obligation to act.

### Background

Mr. Irons filed this case on October 22, 2007. The requisite documents were required to be filed within 15 days. FED. R. BANKR.P. 1007(c). If the documents were not filed within 45 days (i.e., December 6, 2007), the statute provides for automatic dismissal of the case. 11 U.S.C. § 521(i).

On October 23, 2007, this Court issued an order setting forth Mr. Irons' deficiencies, notifying him of the statutory deadline for filing the documents with the Court, and the statutory consequences of failure to meet that deadline. The October 23, 2007 order advised Mr. Irons that his case would be automatically dismissed if he failed to comply. His § 521 filing deficiencies included the failure to file his schedules A–J, statement of financial affairs, Form B22, and payment advices.

Mr. Irons missed the 15 day deadline, without seeking any extension. He then waited to file his schedules and his statement of financial affairs until November 24, 2007. No pay advices were filed until December 5, 2007. Mr. Irons completely failed to timely file a Form B22, and this case was automatically dismissed by statute, with the dismissal effective December 6, 2007. On December 7, 2007, the Court issued an order confirming the statutory dismissal. On December 12, 2007, Mr.

Irons filed what he purports to be his Form B22.

Mr. Irons' counsel is Mr. Roger Broach

**Filed Documents Are Grossly Deficient**

█ Mr. Irons' pleadings are chock-full of inconsistencies and inaccuracies. Mr. Irons seeks equitable relief based on his allegation that he has now filed the required documents. Because the filed documents are so far off the mark, the Court declines the request for equitable relief.

The Court starts with the Form B22 that Mr. Irons untimely filed. The Court has reviewed the late-filed form and notes the following:

- All of the amounts are listed at $0.00.
- The document is not signed.

█ The late-filed B22 is wholly devoid of the required information. The filing of an unsigned, late-filed, blank Form B22 cannot meet the statutory requirement of a timely filed, properly completed Form B22. 11 U.S.C. § 521. The Form B22, as filed, is nonsense.

If that were the only discrepancy, the Court might still consider whether the statute allows for equitable relief. However, the Court has reviewed the other materials filed by Mr. Irons and finds these materials to be equally troubling. For example:

- The statute requires the filing of a Statement of Financial Affairs. Mr. Irons has carefully checked None as to each question asked. Accordingly, he has sworn that he has no income (a statement inconsistent with his pay advice filing), no losses, no spouse (a spouse is shown on his Schedule I), no business, no books and records, etc.

- Mr. Irons forecasts that he will have gross income of $14,200 per month. He claims $4,600.00 in monthly expenses attributable to his business. He refers to an attached statement for the itemization of this amount but fails to attach the itemization. He proposes to pay his monthly mortgage both on his Schedule J (as a monthly direct expenditure) and through his proposed plan. This double counting reduces the amount available for creditors by $1,850.00 per month.

- The chapter 13 bankruptcy plan submitted by Mr. Irons proposes to pay $51,000 for a 2007 Infiniti qx56 automobile and $21,000 for a 2007 Toyota Truck. He proposes to surrender a 2006 Landrover vehicle with an $80,000 lien against it.[1] He lists his home as having no value before considering the secured debt on the home, but claims to owe $180,000 in mortgage debt. He elects to claim the to-be-surrendered Landrover as exempt property, but does not claim his to-be-retained vehicles as exempt.

It is apparent that the documents were not filed with the diligence required of a chapter 13 debtor or his counsel. Equitable relief is denied.

**Hearing and Possible Relief Related to Actions by Counsel**

Debtor's motion alleges that the deficiencies in the documents are his counsel's fault. As stated above, the Court understands that honest and occasional errors will occur, and such errors are not matters for undue concern. But if Debtor's allegations are correct, then counsel's performance in this case is so utterly ineffective

---

1. Had this case proceeded, the Court would have been concerned that Mr. Irons had three new automobiles, with total secured debt exceeding $150,000. However, those concerns are not an issue in this now-dismissed case.

Mr. Irons' proposed chapter 13 plan purported to pay his unsecured creditors in full. However, the proposed plan failed to account for the expected deficiency from the planned surrender of the Landrover vehicle.

and deficient that the Court must fulfill its duty to review that engagement and to issue orders for appropriate relief.

 Bankruptcy Courts had authority to review the quality of legal representation long before the adoption of the Bankruptcy Abuse and Consumer Protection Act of 2005. Section 329 authorized the Court to order the disgorgement of compensation that exceeded the reasonable value of counsel's work. 11 U.S.C. § 329. Section 330 provided for Court approval of counsel's fees. 11 U.S.C. § 330(a)(4)(B). The Court could refer counsel who violated State Bar obligations to the appropriate disciplinary authorities. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01 *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.2007) (TEX. STATE BAR R. art. X, § 9) (requiring competent and diligent representation) and TEX. DISCIPLINARY R. PROF'L CONDUCT 8.03 (requiring reporting of violations). The Court held inherent power to regulate the practice of counsel appearing before the Court. *In re Placid Oil Co.*, 158 B.R. 404, 411 (N.D.Tex. 1993); *In re Johnson,* 921 F.2d 585 (5th Cir.1991). Rule 9011 of the Federal Rules of Bankruptcy Procedure authorized sanctions for failure to use reasonable care in the preparation of documents. All of those previous sources of authority remain effective today.

 When BAPCPA was adopted, it included new sections 526, 527 and 528. Although the new statutory sections may provide added definition of counsel's obligations and potential remedies, these new sections are not divorced from pre-BAPCPA jurisprudence.

The Court will conduct a hearing on January 10, 2008, at 1:30 p.m. to determine what, if any, relief to award in this case. The Court will consider all sources of its authority and responsibility to review Mr. Broach's conduct. In addition, the Court will inquire of the United States Trustee, the State of Texas, and Mr. Irons whether they will seek other relief against Mr. Broach.

Furthermore, the Court, acting on its own motion pursuant to § 526(c)(5), will consider whether the Court should conduct a proceeding to determine whether the Court should enjoin Mr. Broach from future violations of § 526 of the Bankruptcy Code, and whether the Court should impose an appropriate civil penalty against him.

Because § 526 is new and not completely explored in the jurisprudence, the Court will provide Mr. Broach some guidance in understanding the Court's view of how the statute applies to him in this situation and what issues he should be prepared to address.

The Court's Case Manager shall serve a copy of this order on Mr. Broach, Mr. Irons, the State Bar of Texas, and the United States Trustee. Mr. Broach is ordered to attend the hearing.

### Application of § 526

Section 526 imposes certain requirements on Debt Relief Agencies and sets forth remedies for violations of its provisions.

 There are few published opinions dealing with the provisions of § 526, and fewer still dealing directly with the issues of the extent of counsel's duties under § 526, the means to enforce those duties, and the remedies available if a violation occurs. However, the Court will first address the threshold issue of whether Mr. Broach is a Debt Relief Agency whose actions are covered by § 526.

The term Debt Relief Agency is defined in § 101(12A) of the Bankruptcy Code as follows:

*(12A) The term debt relief agency means any person who provides any **bankruptcy assistance** to an **assisted person** in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110, but does not include ...* [2] (emphasis added).

The term Bankruptcy Assistance is defined in § 101(4A) as follows:

*(4A) The term bankruptcy assistance means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.*

The term Assisted Person is defined in § 101(3) as follows:

*The term assisted person means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $150,-000.*

Mr. Irons is an Assisted Person. The schedules filed in this case reflect that Mr. Irons has no non-exempt property. The petition filed by Mr. Irons states that his debts are primarily consumer debts.

Mr. Broach filed a disclosure that he received $1,500 for providing bankruptcy advice to the debtor. Inasmuch as Mr. Broach has disclosed that he provided legal advice to an Assisted Person in connection with the filing of the debtor's bankruptcy petition, it is apparent that Bankruptcy Assistance was provided.

Therefore, Mr. Broach is a Debt Relief Agency.

Although this Court sees no ambiguity in the Bankruptcy Code, Courts that have addressed the issue of whether attorneys are Debt Relief Agencies have not been unanimous. Nevertheless, this Court joins the vast majority of courts in holding that compensated debtors' counsel are Debt Relief Agencies subject to § 526.

Several District Courts have addressed the substantive issue. Judge Hogan found that debtors' counsel are Debt Relief Agencies under the statute. *Olsen v. Gonzales*, 350 B.R. 906 (D.Or.2006). Judge Hogan carefully evaluated both the wording of the statute and the legislative history giving rise to § 526. *Id.* Judge Dorsey, in a challenge to the constitutionality of certain matters not relevant here, assumed that debtor's counsel was a Debt Relief Agency. *Zelotes v. Adams*, 363 B.R. 660 (D.Conn.2007). However, a District Court in Minnesota has ruled that the Debt Relief Agency provisions of the Bankruptcy Code are unconstitutional as applied to attorneys. *Milavetz, Gallop & Milavetz P.A. v. U.S.*, 355 B.R. 758 (D.Minn.2006). That decision is on appeal to the Eighth Circuit Court of Appeals.

One District Court in this Circuit has evaluated the Debt Relief Agency provisions. Judge Godbey found that the statute includes attorneys as Debt Relief Agencies. *Hersh v. U.S.*, 347 B.R. 19 (N.D.Tex.2006). Judge Godbey found one provision of § 526 to be unconstitutional, but that provision is not relevant here.

The first bankruptcy court to address the issue was the United States Bankruptcy Court for the Southern District of Georgia. In an opinion issued on the effective

---

**2.** The definition lists various exceptions to the definition of Debt Relief Agency. Such exceptions are not an issue in this proceeding.

date of the statute, the Court held that attorneys were not Debt Relief Agencies. *In re Attorneys at Law and Debt Relief Agencies,* 332 B.R. 66 (Bankr.S.D.Ga.2005).

■ This Court respectfully declines to subscribe to the Georgia opinion. The opinion was issued when there was no case or controversy before the Court. An opinion issued without a pending case or controversy is the equivalent of a law review article issued without peer review. It lacks precedential value. Without a case or controversy, a Bankruptcy Court cannot constitutionally address the question of whether an attorney is a Debt Relief Agency. *Geisenberger v. Gonzales,* 346 B.R. 678 (E.D.Pa.2006); *In re McCartney,* 336 B.R. 588 (Bankr.M.D.Ga.2006).

Judge Leif M. Clark presumed that debtor's counsel was a Debt Relief Agency in *In re Mendoza,* 347 B.R. 34, n. 6 (Bankr.W.D.Tex.2006). However, he did not find a violation of any Debt Relief Agency requirement and therefore awarded no relief under § 526. Judge Adams also concluded that debtors' counsel were Debt Relief Agencies, using a similar analysis to the one utilized by this Court above. *In re Norman,* 2006 WL 3053309 (Bankr.E.D.Va.2006). The next published opinion in this area is *In re Gutierrez,* which assumes that debtors' attorneys are Debt Relief Agencies. 356 B.R. 496 (Bankr.N.D.Cal.2006).

Judge Cristol in *In re Reyes* found that compensated debtor's counsel was a Debt Relief Agency, but concluded that the statute was unconstitutional. 361 B.R. 276 (Bankr.S.D.Fla.2007). Judge Cristol adopts the reasoning found in *Milavetz.* 355 B.R. 758. Both *Reyes* and *Milavetz* are on appeal.

Judge Mitchell found that debtors' counsel are Debt Relief Agencies, subject to the strictures of § 526. *In re Robinson,* 368 B.R. 492 (Bankr.E.D.Va.2007).

Having thoroughly reviewed these cases, this Court will follow the plain meaning of the statute for the purposes of this matter. The Court will presume the statute to be constitutional unless Mr. Broach or another party-in-interest elects to challenge the statute's constitutionality as applied in this case. *See Heller v. Doe by Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (A statute is presumed constitutional.).

### Relief Granted by Other Courts

This Court has located only two opinions that impose affirmative relief against lawyers. Both deal with fee issues. Judge Mitchell's opinion in *Robinson* reduced counsel's fee when the lawyer failed to provide his client with a clear fee agreement as required by § 528(a)(1) of the Bankruptcy Code. *Robinson,* 368 B.R. at 501. The Court did not impose specific relief under § 526(c). *Id.* at 502. Judge Adams' *Norman* opinion requires debtors' counsel to provide copies of various retention agreements to the United States Trustee. *Norman,* 2006 WL 3053309 at *5.

This Court is unable to locate any decisions implementing § 526's requirements with respect to attorney competence.

### What is Required by § 526?

At the outset, the Court acknowledges that the undersigned shares the concern of many bankruptcy judges that the unwarranted application of § 526 could lead to oppression of debtors' counsel who zealously represent clients, often with little compensation, great risk and much compassion. Yet, this order is not about competent counsel making a simple error. The Court's concern in this case is whether counsel acted competently at all. As set forth above, the performance exhibited by counsel in this case may present a rare

example that lies in stark contrast to the typical performance of attorneys practicing in this Court. Indeed, even in the facts set forth above, Mr. Broach may be able to provide a sufficient explanation of his conduct.

 Nevertheless, the Congressional mandate is clear. When the Court witnesses the possible abuse of debtors by their own lawyers, the Court is compelled to act.

The new Debt Relief Agency provisions impose a number of requirements on debtors' counsel. These include duties:

● Not to fail to provide a service that counsel obliged himself to provide. 11 U.S.C. § 526(a)(1).

● Not to counsel a client to make an untrue or misleading statement. 11 U.S.C. § 526(a)(2).

● Not to make misrepresentations to a client. 11 U.S.C. § 526(a)(3).[3]

● To provide the information required by § 342(b)(1) and § 527(b) of the Bankruptcy Code and to retain copies of certain notices. 11 U.S.C. §§ 527(a)(1), 527(b), 527(d).

● To notify a prospective or actual client of the duty to provide honest and complete disclosures and the nature of the required information and to provide the client with information on how to provide the required information. 11 U.S.C. §§ 527(a)(2), 527(c).

● To have a clear fee contract with the client and to timely provide a copy of the contract to the client. 11 U.S.C. § 528(a)(1)-(2).

● To follow certain advertising requirements. 11 U.S.C. §§ 528(a)(3)-(4), 528(b).

Section 526 provides that relief should be granted in a variety of situations. Those that appear relevant to this case include:

● An award of a refund of fees, actual damages, attorney's fees and costs if the attorney intentionally or negligently failed to comply with §§ 526, 527 or 528. 11 U.S.C. § 526(c)(2)(A).

● An award of a refund of fees, actual damages, attorney's fees and costs if the attorney intentionally or negligently failed to file a document required pursuant to § 521 or intentionally or negligently disregarded the material requirements of the Bankruptcy Code or Rules. 11 U.S.C. § 526(c)(2)(B)-(C).

● An injunction to enjoin violations of § 526, along with an award of attorney's fees and costs. 11 U.S.C. §§ 526(c)(3), (c)(5)(A).

● The imposition of an appropriate civil penalty. 11 U.S.C. § 526(c)(5)(B).

**Conclusion**

Debtors' counsel need not fear that their everyday hard and diligent work is suddenly subject to additional scrutiny by this Court. However, the apparent abuses in this case mandate further investigation and the Court will act accordingly. This Court is obliged to follow Congress' mandate and will determine how best to implement that mandate following the hearing scheduled by this order.

---

**3.** Section 523(a)(4) bars the giving of advice to incur new debt. The Courts that have considered this provision have found it un-

constitutional. *See Hersh v. U.S.,* 347 B.R. 19 (N.D.Tex.2006). Accordingly, this Court does not include this in the list of requirements.